HUGH CONNELLY *vs.* COUNTY OF DAKOTA.

July 7, 1886.

Sheriff—Compensation—Per Diem for Attending Court.—The *per diem* allowed by statute to a sheriff for attendance upon a term of court covers such services as bringing into court and removing prisoners, for arraignment, trial, and sentence.

Same—Boarding Prisoners—Washing.—The sum allowed him for boarding prisoners covers washing done for them.

Appeal by plaintiff from a judgment of the district court for Dakota county, *Crosby*, J., presiding.

*Stringer & Seymour*, for appellant.

*Albert Schaller*, for respondent.

GILFILLAN, C. J.  Among the items in the bill charged by the plaintiff, as sheriff of his county, against the county, for services, were some for bringing prisoners into the district court for trial, arraignment, and sentence, and for attendance on them while in court, at terms when he was in attendance on the court, and some for washing for prisoners in his custody as sheriff.  These items were disallowed by the district court, and the disallowance is alleged as error.  The statute requires the sheriff to attend upon the terms of the district court, (Gen. St. 1878, *c.* 8, § 195;) and for

this duty he is allowed three dollars per day. Id. *c.* 70, § 11. He is also to appoint, to attend any term of the district court, such number of deputies as the judge of the court shall determine and fix by order, and they are to be paid their *per diem,* to be determined by the court, for their attendance upon such court. Id. *c.* 8, § 208. It is hardly to be doubted that the compensation so fixed and to be fixed is to be in full, not merely for their being present in the court, but for all services that may be required of them in and about the business of the term,—such as the bringing in and removing of prisoners whose presence is necessary for arraignment, trial, or sentence. Had the legislature intended that for any services so required the sheriff or his deputies should receive further compensation, it would have so provided. It has not so provided with regard to the services here in question. Hence we say that they are included in the general services for which the *per diem* allowed was regarded as sufficient compensation.

The statute allows a fee for "bringing any prisoner before any court for *examination,*" (Gen. St. 1878, *c.* 70, § 11,) and it is argued that a trial upon an indictment is an *examination* within the meaning of this clause. But the statute nowhere applies the term to such a trial. When used in criminal proceedings, it is always applied only to a preliminary inquiry, and never to a final trial on an indictment.

The statute does not expressly provide compensation to the sheriff for washing done for the prisoners. Gen. St. 1878, *c.* 120, § 8, requires of him that "strict attention is constantly paid to the personal cleanliness of all the prisoners in his custody, as far as may be, and shall cause the shirt of each prisoner to be washed at least once in each week," etc. This is his duty as the keeper of the jail and the prisoners therein. The sheriff is allowed, by section 11, chapter 70, for "boarding prisoners, four dollars per week." It is fair to presume that this was intended to cover all that is required of him as keeper of the prisoners, except where special compensation may be provided.

Judgment affirmed.