CHARLES E. CHAPEL v. BOARD OF COUNTY COMMISSIONERS OF RAMSEY COUNTY.[1]

December 27, 1897.

Nos. 10,794—(216).

Sheriff's Fees — Uncollected Personal Tax Warrants — G. S. 1894, § 1574—Schmid v. County, 44 Minn. 67, Overruled.

Held, under G. S. 1894, § 1574, the sheriff is not entitled to fees for making a return of "No property found" on tax warrants issued for the collection of delinquent personal property taxes. Schmid v. County, 44 Minn. 67, overruled.

[1] Reported in 73 N. W. 520.

Appeal by plaintiff from a judgment of the district court for Ramsey county, in favor of defendant board, entered pursuant to the findings and order of Kelly, J. The facts are given in the opinion. Affirmed.

*Norman Fetter* and *Jared How*, for appellant.

The allowance to the sheriff of fees for his services in and about the enforcing of delinquent personal property taxes is regulated by G. S. 1894, § 1574. Under this statute the sheriff is entitled to compensation for his services in and about the delinquent personal property taxes in cases where he fails to collect, as well as in cases where he does collect. Schmid v. County, 44 Minn. 67; Grundysen v. Polk, 57 Minn. 212. Where a public officer is required by virtue of his office to render services for private individuals the law implies that he shall receive reasonable compensation, though no compensation is provided for by statute. Smith v. Birdsall, 9 Johns. 327; Ripley v. Gifford, 11 Iowa, 367; State v. Allen, 23 Neb. 451; In re Moy Chee Koy, 33 Fed. 377; In re Vermuele, 10 Benedict, 1. Where a fee is allowed to one officer for certain services, similar fees shall be allowed to other officers for the performance of such services, when authorized by law to perform them. G. S. 1894, § 5592. But under the general fee bill relating to sheriffs (section 5550) and the special fee bill of the sheriff of Ramsey county (section 5553) the sheriff is entitled to one dollar for diligent search and inquiry and returning execution when no property found. Davis v. County, 37 Minn. 491. The course of legislation in this state implies an intention on the part of the legislature to allow the sheriff fees for his services in the matter of uncollectible personal property taxes. Laws 1885, c. 2, § 6; Laws 1889, c. 195, § 1. Suits must be decided according to established legal principles. Barteau v. Barteau, 45 Minn. 132. If the sheriff shall refuse or neglect to file the delinquent list and affidavit, as provided by statute, he is liable for the whole amount of such taxes uncollected. G. S. 1894, § 1571. Statutes other than those directing proceedings to be conducted in a certain way, or at a certain time, when the strict compliance with these provisions of time and form does not appear essential to the judicial mind, are

mandatory. Sedgwick, Const. St. (2d Ed.) 316; People v. Allen, 6 Wend. 486; Endlich, Interp. St. § 436. In Massachusetts the return of an execution is essential to the validity of a sale of land under the execution. Walsh v. Anderson, 135 Mass. 65. But it is also held that, though the sheriff after selling land under execution, neglects to make a return for over seven years, and then dies, his successor in office may validate the sale by returning the execution. Firth v. Haskell, 148 Mass. 501. See Rich v. Henry, 4 Mackey, 155; Winebrener v. Johnson, 7 Abb. Pr. (N. S.) 202; Hogue v. Corbit, 156 Ill. 540; Reed v. Perkins, 14 Ala. 231; Bordeaux v. Board, 66 Miss. 230; Gutches v. County, 44 Minn. 383.

*Samuel A. Anderson*, for respondent.

A public officer is not entitled to compensation for services rendered the public, except where it is expressly provided by statute. Mechem, Pub. Off. §§ 855, 856, 862, and cases cited; Dillon, Mun. Corp. (4th Ed.) §§ 230, 231, 232, and cases cited; Throop, Pub. Off. §§ 446, 447, and cases cited, and sections 477, 478, 479, 482. An execution is made returnable within sixty days from date of issuing the same, and a service of the same or levy thereunder made after the return day is void. 22 Am. & Eng. Enc. 114, and cases cited. A levy made before the return day has expired and a sale thereunder after return day is valid. Barrett v. McKenzie, 24 Minn. 20. The indorsements of his doings by the sheriff do not assume the character of a return until the writ is actually returned to the office out of which it issued. 22 Am. & Eng. Enc. 176.

CANTY, J.

The claimant was sheriff of Ramsey county from 1893 to 1895, inclusive. On April 1, 1893, and again on April 1, 1894, the clerk of the district court issued to plaintiff, as such sheriff, a large number of warrants for the collection of delinquent personal property taxes, as provided in G. S. 1894, § 1567. There were in the two years a large number of these warrants, amounting in all to 5,154, which he was not able to collect, for the want of goods and chattels of the persons against whom the warrants ran, on which to levy. He presented to the county commissioners a verified bill for one dollar apiece for these warrants, amounting in all to $5,154, as his

fees in returning these warrants, "No property found." On appeal from the action of the county commissioners thereon the court below disallowed the bill, and from the judgment entered thereon the claimant appeals to this court.

Appellant relies on the case of Schmid v. County, 44 Minn. 67, 46 N. W. 145, as authority for the proposition that the sheriff is entitled to the fees claimed. This case was impliedly approved in Grundysen v. Polk, 57 Minn. 212. We are of the opinion that Schmid v. County was not correctly decided. G. S. 1894, § 1574, provides:

"The sheriff or his deputy shall be allowed the same fees for collecting the said tax and for making distress and sale of goods and chattels for the payment of taxes as are allowed by law to constables for making levy and sale of property on execution, * * * which fees shall be added to the tax and collected by the sheriff."

In the Schmid case the court fell into the error of supposing that this statute gave the sheriff the right to fees for collecting or attempting to collect a tax warrant in every case where, under like circumstances, a constable would be entitled to fees for executing or attempting to execute a writ. This is clearly erroneous. The statute allows the sheriff fees only in cases where the constable would be allowed fees "for making levy and sale," and where the fees can "be added to the tax and collected by the sheriff," and is no warrant for holding that the county must pay fees when the sheriff fails to collect.

This construction is further strengthened by the language of section 1567, which provides that the clerk shall issue the warrants,

"And if such taxes are not paid on demand, said sheriff shall distrain sufficient goods and chattels belonging to the person charged with such taxes, if found within the county, to pay the same with the said penalty of ten per cent., and all accruing costs, together with twenty-five cents from each delinquent, as compensation to said clerk: provided, that, in case the sheriff shall fail to collect the tax, such sum of twenty-five cents as compensation, shall be paid by the county. The sheriff shall immediately proceed to advertise," etc.

The above proviso is the only thing we can find in the statute

which provides for the payment of fees by the county to any one on the failure of the sheriff to collect the tax warrants; and, in the connection in which it is used, it implies, when construed with the provisions of section 1574, above quoted, that no one else is entitled to fees when the sheriff fails to collect them on the tax warrants.

It seems to us plain that it was not the intention of the statute to offer the sheriff a premium on neglecting to perform his duties, by allowing him fees, to be paid by the county, on warrants which he failed to collect. If the sheriff negligently makes a return of nulla bona to a writ issued by private parties, he knows that, by reason of the greater vigilance of private interest, he may have to answer in damages for his negligence, so that the fee allowed him for the return is but little inducement for him to neglect his duty to use due diligence to discover property on which to levy. But the conditions are very different when he is serving the public in the collection of tax warrants. A public officer takes his office cum onere, and is not entitled to compensation for services performed unless the law expressly so provides.' 1 Dillon, Mun. Corp. (4th Ed.) § 230; Mechem, Pub. Off. §§ 855, 856. This disposes of the case, and renders it unnecessary to consider any other question raised.

Judgment affirmed.