CHARLES SEARS, APPELLANT, *v.* GALLATIN COUNTY, RESPONDENT.

[Submitted Feb. 2, 1898.  Decided Feb. 14, 1898.]

*Posse Comitatus— Compensation.*

ONE who serves as a member of a sheriff's comitatus, in obedience to a law requiring him to do so, cannot recover from the county for expenses or for services rendered, in the absence of an express or implied provision of law authorizing payment of such services; and authority for such payment is not given by Section 4286, Political Code,

providing that the Board of Commissioners shall not allow any account for official services for which no specific fees are fixed by law, unless the time actually and necessarily devoted to services is stated in a verified bill for such services, or in Section 4681, Political Code, which provides that contingent expenses necessarily incurred for the use and benefit of a county shall be county expenses.

*Appeal from District Court, Gallatin County. F. K. Armstrong, Judge.*

ACTION by Charles Sears against Gallatin county. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Statement of the case by the justice delivering the opinion.

Plaintiff brought this action to recover judgment for $25 on account of services rendered and money expended by him as a member of the sheriff's *posse comitatus.*

It appeared that the sheriff of Gallatin county attempted to execute a warrant for the apprehension of one Morgan, charged with the commission of a felony in that county. Being unable to take Morgan, who resisted arrest and fled, the sheriff deemed it necessary, and the admission is made that it was necessary, to command plaintiff and certain other citizens of the county to equip themselves, and accompany that officer, and assist him in pursuing and arresting Morgan. The sheriff, in the discharge of his duty, and by virtue of the power vested in him, did so command plaintiff and others. Plaintiff, believing that it was necessary for him to comply with the demand of the sheriff, and that he would be compensated by the county, procured, at his own expense, arms ammunition, horse, saddle, and other equipment, and then proceeded to search for Morgan, who escaped. While so engaged, plaintiff expended $10.50 for food. The reasonable value of such services of man and horse was $14.50. The board of commissioners of Gallatin county disallowed plaintiff's claim. Upon appeal therefrom the District Court adjudged that the claim was not a legal charge against the county, and plaintiff appeals to this court.

*W. S. Holloway,* for Appellant.

*C. B. Nolan,* Attorney General, for Respondent.

Pigott, J.—The single question presented in the court below and in this court is whether or not a county is liable for services rendered by members of a sheriff's *posse comitatus.*

Section 4381 of the Political Code provides that the sheriff must "arrest and take before the nearest magistrate for examination, all persons who attempt to commit, or have committed, a public offense," and that he must "command the aid of as many male inhabitants of his county as he may think necessary in the execution of these duties."

Section 1460 of the Penal Code provides: "When a sheriff or other public officer authorized to execute process, finds, or has reason to apprehend, that resistance will be made to the execution of the process, he may command as many male inhabitants of his county as he thinks proper to assist him in overcoming the resistance, and, if necessary, in seizing, arresting and confining the persons resisting, their aiders and abettors."

Section 279 of the Penal Code is as follows: "Every male person above the age of eighteen years who neglects or refuses to join the *posse comitatus*, or power of the county, by neglecting or refusing to aid and assist in taking or arresting any person against whom there may be issued any process, or by neglecting to aid or assist in retaking any person who, after being arrested or confined, may have escaped from such arrest or imprisonment, or by neglecting or refusing to aid and assist in preventing any breach of the peace, or the commission of any criminal offense, being thereto lawfully required by any sheriff, deputy sheriff, coroner, constable, judge or justice of the peace, or other officer concerned in the administration of justice, is punishable by fine of not less than fifty nor more than one thousand dollars."

Section 4286 of the Political Code provides, among other things, that the board of commissioners shall not allow any account for official services for which no specified fees are fixed by law, unless the time actually and necessarily devoted to such services is stated.

Section 4681 of the same code enumerates the county

charges other than salaries of officers and fees of witnesses and jurors, and provides that the contingent expenses necessarily incurred for the use and benefit of the county shall be county charges.

The right of appellant to recover depends upon the existence of express or implied authority of statute allowing compensation to members of the *posse comitatus.*   No express provision is made by statute for the ·compensation of such persons; neither is there implied statutory authority warranting the payment of such compensation.   Section 4681, *supra,* which provides that the contingent expenses necessarily incurred for the use and benefit of the county shall be county charges, manifestly restricts the liability of the county to such expenses as may be incurred under statutory authority directly conferred or necessarily implied from the powers granted to the county.   Section 4286, *supra,* makes provision touching the contents of verified bills for services of officers for which specified fees are not fixed by law.   It does not declare that the county shall be liable for any services, official or otherwise.   Its effect, for the purpose of this case, is merely to provide that the board of commissioners shall not allow any account for official services chargeable to the county for which no fees are specified by statute, unless the bill therefor contains an itemized statement of the time actually and necessarily devoted to such service.   Moreover, members of the sheriff's posse are not officers, nor do they render official services. Clearly, this section fails to raise an implication of liability to appellant.

Appellant insists, however, that under the terms of Section 4681, *supra,* he is entitled to prevail.   He argues that the section "furnishes ample authority to the board of county commissioners of Gallatin county to allow and pay plaintiff's claim."   We are of the opinion that the county is not liable to plaintiff for his services and expenses incurred as a member of the *posse comitatus.*   The statutes have imposed upon counties certain duties and expenses, but have not imposed the expense and compensation of members of the *posse comi-*

*tatus.* "When the statutes impose upon counties or other municipal bodies certain duties and expenses in that behalf, they are bound to assume them, but whatever is not thus imposed is not thus assumed." (*Chapin* v. *Ferry* (Wash.) 28 Pac. 754.)

Appellant cannot recover upon the theory of an implied promise by the county to reimburse and compensate him, for the making of such a contract is beyond the power of a county. Again, there was no consideration moving from appellant which can support a promise, express or implied, by the county to reimburse or compensate him. The legislature imposed on appellant the duty of assisting the sheriff in his efforts to apprehend Morgan, and denounced him as guilty of a crime if he refused, and this created a promise from him to discharge that duty; "so that, being under the obligation, he can claim no pay for doing the duty, and any pay given him is a mere gratuity." (Bishop on Contracts, Section 207, and cases there cited.) "One who renders service to the state, for which there is no compensation provided by statute, cannot, as in the case of services rendered a private person, raise an implied assumpsit against the state, and for such services he has no legal claim—no claim which can be enforced by process of law." (*State* v. *Baldwin*, 14 S. C. 135.) Even an express promise to reward a man for doing that which was his duty without the promise is void for want of consideration.

The statutes of Montana with respect to the *posse comitatus* are, in the main, declaratory of the common law. Our attention has not been called to any case holding that the services of a member of the posse may be compensated by the county. The Supreme Court of Washington, in *Chapin* v. *Ferry*, *supra*, said : "If they were part of the sheriff's posse, we find no authority for making them compensation out of the county treasury. The services of the citizen as a member of the *posse comitatus* is one which is based purely on patriotism and strict duty, and has never, so far as an investigation goes, been a compensated service." While these remarks of the

court may not have been necessary to a decision, we are satisfied that they announce the correct rule of law.

The state, in consideration of its protection extended, may impose upon its inhabitants the duty of rendering it services, at least in an emergency requiring the apprehension of a criminal, or one charged with the commission of a public offense; and these services are, as is well expressed by the Supreme Court of Oregon in a case involving the principle here invoked, of the class of general services which every man is "bound to render for the general, as well as his own individual, good." (*Morin* v. *Multnomah Co.*, 22 Pac. 490.)

As illustrating the doctrine we announce, and as supporting the reasons upon which it rests, we make these additional citations : (Whart. Cr. Pl., note to Section 17—being the charge to the grand jury by Judge King on the occasion of the Philadelphia riots in 1844; *Randles* v. *Waukeshaw Co.* (Wis.) 71 N. W. 1034; *Kuehn* v. *City of Milwaukee* (Wis.) 65 N. W. 1030; *Johnston* v. *Lewis and Clarke Co.*, 2 Montana 159; *County of Washoe* v. *County of Humboldt*, 14 Nev. 123; *Rowe* v. *Yuba Co.*, 17 Cal. 62; *Lamont* v. *Solano Co.*, 49 Cal. 158; *Presby* v. *Klickitat Co.*, 5 Wash. 329, 31 Pac. 876; *People* v. *Supervisors of Albany Co.*, 28 How. Prac. Rep. 22; *Anderson* v. *Board*, 25 Ohio St. 13; *Railroad Co.* v. *Lee*, 37 Ohio St. 479.)

Appellant urges that, if the doctrine laid down in *Lloyd* v. *Board of Commissioners*, 15 Montana 433, 39 Pac. 457, be followed, he will be entitled to recover. But in the Lloyd case the men for whose services the sheriff paid were employed by him to keep the jail and prisoners. A contract was made between the sheriff as master and the men as servants. They were appointed, not commanded. No duty was incumbent upon them to serve in their several capacities as jailer and death watch when commanded by the sheriff. The sheriff was not authorized to command their services. The only lawful means which the sheriff could exercise was adopted by him, namely, a hiring, with the necessary ingredient of a promise, express or implied, of compensation. The men so

hired were entitled to wages or salary under the contract. The sheriff paid these expenses, and recovered from the county on the ground that he had paid the money for the benefit of the county, and at its implied request.

It is further contended that the case of *Yavapai Co.* v. *O'Neil* (Ariz.) 29 Pac. 430, is persuasive authority in appellant's favor. Without expressing any opinion on the course of reasoning or the result reached in that case, we think it sufficient to say that the doctrine announced by the court in the Arizona case is not pertinent to the question raised in the case at bar. There the board of supervisors employed the sheriff of Yavapai county to go to Utah for the purpose of subpoenaing persons there resident who were needed as witnesses in a criminal action pending in Arizona, and ordered that he be allowed mileage therefor. The point decided by the court was that the sheriff acted, not as sheriff, but as a mere messenger, and, if actually employed in that service, he was entitled to compensation.

Appellant is not entitled to recover from the county compensation for services rendered, or reimbursement for expenses incurred as a member of the sheriff's posse. The judgment appealed from will therefore be affirmed, and it is so ordered.

*Affirmed.*

PEMBERTON, C. J., concurs.    HUNT, J., not sitting.