JOHN WAGENER v. BOARD OF COUNTY COMMISSIONERS OF.
RAMSEY COUNTY.

May 23, 1899.

Nos. 11,584—(179).

### Sheriff of Ramsey County—Fees for Bringing Prisoners into Municipal Court.

The only compensation to which the sheriff of Ramsey county is entitled for bringing prisoners into the municipal court of the city of St. Paul, for trial in that court, charged with offenses against the laws of the state of Minnesota, of which offenses said court has final jurisdiction, is that covered by his per diem fees for attending said court. *Held*, also, that the same rule applies to the sheriff's compensation for services rendered by him in bringing before the municipal court of the city of St. Paul prisoners charged with violations of the city ordinances of said city, for final trial.

### "Examination" of Prisoners.

In criminal proceedings the term "examination" is a proceeding preliminary to, and distinct from, a final trial.

### Sheriff—Fees for Attempted Service upon Persons not Found.

The sheriff of Ramsey county presented to the board of county commissioners of said county an itemized bill of fees for attempting to serve subpoenas, writs of attachment, orders to show cause, and personal property tax citations issued in behalf of the state, where the persons sought were not in fact found, which fees were disallowed. *Held*, that an action would not lie against said county for compensation for such services.

The board of county commissioners for Ramsey county disallowed a claim of plaintiff, for services performed by him as sheriff of that county, for $6,271.45, and he appealed to the district court for that county from such disallowance. That court, O. B. Lewis, J., ordered judgment in his favor for the sum of $39.30, and from a judgment entered pursuant to such order, he appealed. Affirmed.

*C. D. & Thos. D. O'Brien*, for appellant.

*Horace E. Bigelow* and *F. W. Zollman*, for respondent.

BUCK, J.

The appellant, John Wagener, is, and since January 1, 1897, has been, sheriff of Ramsey county, and while acting as such sheriff he performed services for which he claims compensation, and that it should be paid by the said county of Ramsey. These services were performed prior to August 1, 1898, and were classified or set out and particularly described in different schedules designated "AA," "BB," "DD," "EE," and "FF," and attached to the complaint; and each schedule shows the character of the services rendered, and the amount claimed, amounting to the sum of $7,459.45. The claim was disallowed by the board of county commissioners of Ramsey county, and Wagener appealed to the district court, where the claim was again disallowed, except items amounting to $39.30, for which judgment was ordered in his behalf against the defendant county; and, as there was no appeal therefrom, they stand as allowed claims against said county, and need not be considered in this opinion. Judgment was entered for $39.30 in favor of appellant, and he appeals.

We will first consider Schedule AA, from which were rejected items amounting to $1,188, for bringing prisoners into the municipal court of the city of St. Paul, for trial in that court, charged with offenses against the laws of the state of Minnesota; being offenses of which the municipal court had final jurisdiction. The fee bill for the sheriff of Ramsey county is found in G. S. 1894, § 5553, and among its provisions is one that the sheriff shall receive as fees and compensation for bringing a prisoner before any court for examination one dollar; and for traveling, the same mileage as upon service of writs; and two dollars per day for attending court with such prisoner.

In the case of Connelly v. County of Dakota, 35 Minn. 365, 29 N. W. 1, this court, at page 366, said:

"The statute allows a fee for bringing any prisoner before any court for examination, * * * and it is argued that a trial upon an indictment is an examination, within the meaning of this clause. But the statute nowhere applies the term to such a trial. When used in criminal proceedings, it is always applied only to a preliminary inquiry, and never to a final trial on an indictment."

76 M.—24

The same rule is applicable to a trial in the municipal court in the city of St. Paul, where it has final jurisdiction of the action, and the offense is one against the laws of the state. At common law an arrest and examination were proceedings preliminary to a final trial, and the term "examination," in criminal proceedings, is a well-known and well-understood proceeding, distinct from a final trial, and is also provided for by G. S. 1894, c. 106. Very little need be said upon this point, as the question is too plain to require extended discussion.

But it is contended by counsel for the appellant that by statute the sheriff is required to pursue and apprehend criminals, and execute warrants, writs, and process from courts, and directed to him by legal authority; and they then quote G. S. 1894, § 5550, fixing the compensation of sheriffs generally, the last clause of which section is,

"For any services not herein enumerated, which a sheriff may be required to perform, he shall receive the fees herein allowed for similar services."

This provision is not found in G. S. 1894, § 5553, fixing the fees of the sheriff of Ramsey county; and we do not find it elsewhere in the statute, as specially applicable to the sheriff of said county. But this section does provide a per diem compensation for the sheriff and each deputy or bailiff attending court. The items or charges in Schedule AA are not for attendance on court, but for bringing prisoners into the municipal court, not for examination therein, but for final trial. As there is no provision in this section for compensation for a sheriff bringing prisoners into court for final trial, the compensation therefor must be deemed to be covered by the per diem fees allowed the sheriff for attending court with such prisoners. See Connelly v. County of Dakota, supra.

We are also of the opinion that G. S. 1894, § 5553, specifically enumerating the fees and compensation to be allowed the sheriff of Ramsey county, excludes him from claiming compensation under any of the provisions of said section 5550 (the general law of the state) in cases of the character enumerated in said section 5553, and for which he claims fees herein. If there are cases—and possibly

there may be instances—where the sheriff of Ramsey county would be entitled to compensation or fees outside of those provided by this section, and under the general laws of the state, yet this is not such a case. It is a bill solely for services in bringing prisoners into the municipal court for final trial. It is a doctrine familiar to the legal profession that public officers entitled to fees or salaries take their offices cum onere, and that the right to compensation for services rendered by them does not grow out of any contract between them and the government. The trial court ruled correctly in disallowing the items contained in Schedule AA.

The sheriff's charges in Schedule BB, amounting to $1,695, are for services rendered by him in bringing prisoners charged with violations of the city ordinances of the city of St. Paul before the municipal court of said city for final trial. There are no more grounds or law for allowing these claims than for those contained in Schedule AA, and the trial court ruled correctly in disallowing them.

The charges in Exhibit DD aggregate $4,382.55, of which one item of $2,941 is for returning 2,941 delinquent personal tax warrants uncollected. There are two classes of services charged for in this schedule, of which the foregoing item is one. He attempted to collect the delinquent personal property taxes, which attempt consisted in making a demand and returning these 2,941 personal property tax warrants, but he never collected any of them. In each instance he made a personal demand upon the person named in the delinquent tax warrant, but made no further effort to collect the same. This question was decided in the case of Chapel v. Board of Co. Commrs., 71 Minn. 18, 73 N. W. 520; and the decision therein is adverse to the right of this appellant, and so conceded by his attorneys in their brief in this case.

But appellant insists upon his right to collect the second class of charges which are made in Schedule DD, amounting to $1,441.55, for services rendered by the sheriff in attempting to serve process issued out of the district court, but returned "Not found" for the reason that the person therein named could not be found after diligent search. The statute relating to the compensation of the sheriff of Ramsey county (section 5553, supra) provides that such sheriff shall receive as compensation

"For diligent search and inquiry and returning summons when party cannot be found, one dollar, without regard to number of defendants, and returning execution when no property can be found, one dollar."

But this is not the kind of service charged for. The items are for attempted service of subpœnas, writs of attachment, orders to show cause, and personal property tax citations, when the person sought was not in fact found. Of course, the proceedings were not between private individuals, but appellant claims to have acted in behalf of the state. A considerable portion of this claim is for attempting to serve subpœnas, and charging one dollar each therefor, while, by the terms of the section above cited, the sheriff is only permitted to charge fifty cents for the actual service of a subpœna. It would be an anomalous condition of the law, if it permitted a sheriff to receive one dollar for attempting to find a witness, and only fifty cents for finding him, serving a subpœna upon him, and returning it. None of the items are for diligent search and inquiry, and returning summons "Not found."

But the appellant contends that the sheriff of Ramsey county is entitled to receive from the county one dollar for each citation returned "Unfound" in the proceedings to enforce the collection of personal taxes, and that, to this end, a citation cannot be distinguished from a summons. We do not agree with this contention of the appellant. In the special law applicable to compensation of the sheriff of Ramsey county, as well as under the general law, the word "summons" is specifically mentioned; and it is only when the sheriff has, under either law, made a diligent search and inquiry, and returned the summons when the parties cannot be found, that he is entitled to the fee of one dollar. He makes no such statement in his Schedule DD,—that he made a diligent search and inquiry for the parties against whom the citations were issued; and, while this may seem more technical than substantial, yet the rule is inflexible that an officer claiming fees must bring his claim within the plain provision of the legislative act authorizing it, although in this case we do not think, even if he had made such statement, he would have been entitled to the fees so claimed. For serving the citation he would be entitled to compensation. For not serving it, but return-

ing that he could not find the party therein named, we do not think that the statute anywhere contemplates that he should be paid, especially under section 5553, relating to the fees and compensation of the sheriff of Ramsey county.

There are no assignments of errors as to the other schedules, and hence we need not discuss any questions raised as to them.

Judgment affirmed.