WADE, APPELLANT v. LEWIS & CLARKE COUNTY, RESPONDENT.

[No. 1469.]

[Submitted June 22, 1900.  Decided July 23, 1900.]

*Counties— County Surveyor—Mileage—Statutory Construction.*

1. Act March 4, 1897 (Laws 1897, p. 71) section 13, enacts that a county surveyor shall receive $5 a day as full compensation for the performance of his duties. Pol. Code, Sec. 4590, enacts "that members of the legislative assembly, state officers, county officers, township officers. jurors, witnesses and other persons who may be entitled to mileage," shall be entitled to collect 10 cents per mile for the distance actually traveled "and no more." *Held,* that a county surveyor is not entitled to mileage, since the purpose of the section was not to create a right to mileage, but simply to fix a uniform rate of mileage, and, besides, the phrase "who may be entitled to mileage" does not only limit the phrase "other persons," but refers back and qualifies "county officers" as well.
2. What is not by law imposed as expenses upon a county is not a charge against it.
3. Whether or not qualifying phrases in a statute apply to the last antecedent only depends upon the intent of the legislature.
4. Punctuation "is a most fallible standard by which to interpret a writing."

*Appeal from District Court Lewis and Clarke county; S. H. McIntire, Judge.*

ACTION by John W. Wade against Lewis and Clarke county to recover mileage as county surveyor.   Judgment for defendant, and plaintiff appeals.   Affirmed.

*Messrs. Stranahan & Stranahan,* for Appellant.

*Mr. C. B. Nolan, Attorney General,* for Respondent.

**MR. JUSTICE PIGOTT** delivered the opinion of the court.

By ''An act to define the powers and duties of county surveyors, and to provide for their compensation, and to abolish the office of road supervisor,'' approved on the 4th day of March, 1897, and found at page 71 of the laws of that year, the duty of laying out, constructing, and repairing roads was confided to the county surveyor.   The plaintiff was such

officer of the county of Lewis and Clarke, and between the 1st day of June, 1897, and the 31st day of December, 1898, he actually and necessarily traveled in the prosecution of road work 3,320 miles, for which he presented a claim to the board of commissioners for $332, charging at the rate of 10 cents a mile. The claim having been disapproved by the county auditor and disallowed by the board of commissioners, the plaintiff appealed to the district court of the county, where judgment was entered to the effect that the plaintiff recover nothing from the defendant, and that the defendant recover costs from the plaintiff. This appeal is from the judgment.

The sole question in this case is whether the plaintiff is entitled to collect mileage. Section 13 of the act of March 4, 1897, provides that ''the county surveyor of each county shall receive as full compensation for the performance of his duties as county surveyor, in connection with the roads and otherwise, the sum of five dollars per day.'' It is conceded that this statute does not authorize the plaintiff to receive mileage, but he contends that section 4590 of the Political Code confers upon him that right. Section 4590 is as follows: ''That members of the legislative assembly, state officers, county officers, township officers, jurors, witnesses, and other persons who may be entitled to mileage, shall be entitled to collect mileage at the rate of ten cents per mile for the distance actually traveled and no more.'' If the phrase ''who may be entitled to mileage'' qualifies the words '' county officers '' in the earlier part of the section, then the plaintiff is not entitled to mileage; if the phrase does not qualify ''county officers,'' the plaintiff is entitled to collect mileage, unless mileage is compensation. For the purposes of this case, we assume, but do not decide, that mileage is not compensation, and that the expression ''the distance actually travelled'' sufficiently defines that for which the rate of mileage is prescribed.

The principal argument advanced by the plaintiff in support of his contention rests upon the omission of a comma after the words ''other persons.'' He asserts that because of such omission the phrase ''who may be entitled to mileage'' quali-

fies "other persons" only, and therefore that members of the
legislative assembly, state, county and township officers, jur-
ors and witnesses, are entitled to collect mileage at the rate of
10 cents per mile for the distance actually traveled, and that
such other persons as may be entitled to mileage by force of
statutory authority elsewhere found shall likewise be entitled
to collect it at the same rate.    Whether or not qualifying
phrases in a statute apply to the last antecedent only, depends
upon the intent of the legislature.    In our opinion, the intent
of the legislature was to fix a uniform rate at 10 cents a mile,
to be collected by those entitled to mileage under the law,
and not to create the right to mileage.    The very language of
the section itself strongly supports this view.    The omission
of the comma after "persons," while injecting an element of
obscurity into the meaning of section 4590, is by no means
conclusive evidence of the intent of the assembly to limit the
application of the phrase "who may be be entitled to mileage"
to "other persons."    In *Ewing* v. *Burnet*, 11 Pet. 41, 9 L.
Ed. 624, the Supreme Court of the United States said that
punctuation "is a most fallible standard by which to interpret
a writing.    It may be resorted to when all other means fail,
but the Court will first take the instrument by its four cor-
ners, in order to ascertain its true meaning; if that is appar-
ent on judicially inspecting the whole, the punctuation will
not be suffered to change it."    The words "who may be
entitled to mileage," being general, and occurring at the end
of the enumeration of officers and other persons, in our opin-
ion apply to and qualify each, and relate to such county
officers only as are by other statutes entitled to mileage, and to
other persons likewise so entitled.    Moreover, the em-
phatic inhibition contained in the words with which the
section ends were doubtless inserted *ex industria*, and for the
purpose of voicing further the legislative will that the stat-
utes then in force which prescribed a rate of mileage in excess
of 10 cents a mile were no longer operative.    It may also be
observed that the omission of the conjunctive particle "and"
between the word "jurors" and the word "witnesses" is

somewhat significant of the purpose of the assembly. Had
the intention been to provide by Section 4590 for the pay-
ment of mileage to all county officers, jurors, and witnesses,
the assembly would not have been likely to include them in
the same class with "other persons," and then employ the
phrase "who may be entitled to mileage." There is no set-
ting apart of county officers from other persons who may be
so entitled. If the Section read that "members of the legis-
lative assembly, state officers, county officers, township offi-
cers, jurors and witnesses and other persons who may be
entitled to collect mileage, shall be entitled to collect mile-
age at the rate of 10 cents per mile for the distance
actually traveled and no more," the position of the plain-
tiff would be stronger; for then,—disregarding other statutes
which serve to evince the intention of the assembly in
passing the section, and looking to its language only,—the
argument might plausibly be made that the phrase "who may
be entitled to mileage" qualifies "other persons" only, and
that county officers fall within a class distinct from the class
comprising such other persons. But it is not necessary to
place the decision wholly upon the grounds already suggested;
conceding that Section 4590 is obscure, and its language sus-
ceptible of more than one interpretation, it is apparent upon
examination of other provisions of the statutes that the assem-
bly in enacting Section 4590 did not intend to create the right
to mileage, but merely to provide that when allowed by law,
it should be computed at the rate of 10 cents per mile, the
design being, as we have said, to make a uniform rate. At
the time the section became law, members of the legislature,
the lieutenant governor, the president of the senate, and the
speaker of the house received 20 cents for each mile of travel
to and from their residences and the capital of the state.
(Sections 220, 221 and 391 of the Political Code.) By Sec-
tion 4644 of the Political Code jurors were allowed 15 cents a
mile for travel to and from their residences and the county seat.
By Section 4660 of the same code county commissioners were
to receive 15 cents for each mile necessarily traveled in going

to and returning from the county seat and their places of residence. Sheriffs and constables received 15 cents for each mile actually traveled in serving papers. (Sections 4634, 4643 of the Political Code.) Witnesses attending before courts of record were allowed mileage at the rate of 10 cents for each mile. (Section 4648, of the Political Code.) According to the interpretation of Section 4590 for which the plaintiff contends, every state, county and township officer, and every juror and witness, is thereby entitled to collect mileage for the distance actually traveled. Thus, if the plaintiff's theory be correct, the superintendent of public instruction would be entitled to mileage, notwithstanding the state is by Section 1716 of the Political Code required to pay the traveling expenses necessarily incurred in the discharge of his duties, and that official, in addition to such expenses, would receive mileage as so much profit at the state's expense. Before the repeal of Section 502 of the Political Code by the act of March 4, 1897 (Laws of 1897, p. 105), the state examiner, according to plaintiff's argument, would have been entitled to receive mileage in addition to his salary, despite the provision of section 502 that the salary was for all services rendered in any capacity whatever, including office and traveling expenses; and since the act of March 4, 1897, he would, upon the same theory, be entitled to collect mileage in addition to his traveling expenses. With respect to the commissioner of labor and some other officers, the like conditions exist. Upon the same theory, public administrators and county assessors—indeed, all public officers—are entitled to mileage. Again, jurors and witnesses in courts not of record were prohibited from collecting, or at least were not allowed to receive, mileage, (Sections 4647 and 4652 of the Political Code); but they would be permitted to collect it under the plaintiff's interpretation of Section 4590. It is not to be presumed that the assembly by Section 4590 intended to bring about results such as would necessarily follow upon the plaintiff's interpretation of the section; and nothing in the statute requires such meaning to be given to its language.

Subdivision 8 of Section 4681 of the Political 'Code provides that the contingent expenses necessarily incurred for the use and benefit of the county are county charges. We are of the opinion that this provision of the statute is foreign to the case at bar. The statutes have imposed on counties the duty of paying certain expenses and charges, but have not said that mileage to county surveyors is an expense or charge incurred for, or to be paid by, the county. What is not by the law imposed as expenses upon a county is not a charge against it. (*Sears* v. *Gallatin Co.*, 20 Mont. 462, 52 Pac. 204, 40 L. R. A. 405.)

The judgment is affirmed.

*Affirmed.*