STATE ex rel. GATES A. JOHNSON v. ROBERT A. SMITH.[1]

November 1, 1901.

Nos. 12,824—(34).

| 84 | 295 |
|----|-----|
| p85 | 35 |
| 84 | 295 |
| 86 | 335. |
| 86 | 343 |

## County Surveyor—Compensation.

County surveyors, whose compensation is fixed by G. S. 1894, § 830, are not entitled to receive pay for the use of horses used by them in their business while at work for such counties.

[1] Reported in 87 N. W. 775.

**Custom of Board of County Commissioners.**

A custom or usage on the part of a board of county commissioners to pay such claims cannot convert the same into legal demands against a county.

Alternative mandamus issued out of the district court for Ramsey county upon relation of Gates A. Johnson, Jr., directing respondent, Robert A. Smith, as mayor of St. Paul and chairman of the Board of County Commissioners of said county, to sign and issue certain county orders, drawn in favor of relator, in payment for the use of horses necessarily employed by relator in the performance of his duties as county surveyor. From an order, O. B. Lewis, J., denying a peremptory writ and discharging the alternative writ, relator appealed. Affirmed.

*S. A. Anderson*, for appellant.

*T. R. Kane*, County Attorney, for respondent.

COLLINS, J.

This case involves the right of the county surveyor of Ramsey county to collect therefrom for the use of his horses while, according to a stipulation, "used by him in his business as county surveyor." The court below held that he could not recover, and we fully concur in such conclusion. The statutory provision which fixes the compensation of the county surveyor of Ramsey county is found in G. S. 1894, § 830, which provides

"That the county surveyors of the several counties in this state shall be entitled to receive four dollars per day, as compensation for their services, for each day employed in the discharge of their duties, as such surveyors, including the time necessarily spent in traveling to and from the field of their labor."

All county surveyors are required (section 831) to execute all surveys which shall be ordered by any court, board of county commissioners, town supervisors, or other public officers within their respective counties.

The work in which these horses were used was done under the direction of the board of county commissioners, according to the stipulation, but it is admitted that there is no special provision of the statutes which authorizes the board to pay the claim re-

ferred to. At best its authority can only be inferred. While the result is not affected, we call attention to the fact that for some inscrutable reason section 677 is expressly made inapplicable to Ramsey county.

It is settled law that public officers entitled to fees or salaries take their offices cum onere, and are not entitled to compensation for services performed unless the law expressly so provides. Chapel v. Board of Co. Commrs., 71 Minn. 18, 73 N. W. 520; Wagener v. Board of Co. Commrs., 76 Minn. 368, 79 N. W. 166. The rule is that, where services to be rendered the public are required of an officer, and no compensation is prescribed, he must be considered as fully paid by fees or compensation already provided for, and the rule applicable to a claim made for compensation for services rendered by an officer is just as pertinent and applicable when he presents a claim for expenses incurred in the performance of his duty.

While counties, like towns and school districts, are quasi corporations invested with corporate powers sub modo, and for a few specified purposes, they are deficient in many of the powers incident to the general character of corporations. Goodnow v. Board of Co. Commrs., 11 Minn. 12 (31). It has been well said that "counties of this state are quasi municipal corporations, and it is elementary that they can exercise only such powers as are expressly granted them by the legislature, or such as are fairly implied as necessary to the exercise of powers expressly granted * * *. And contracts made by them in excess of and beyond such express or implied power are void." Grannis v. Board of Co. Commrs., 81 Minn. 55, 83 N. W. 495. And the liability of a county upon a claim presented to its board of commissioners must not be spelled out by forced construction or far-fetched inference. Rasmusson v. County of Clay, 41 Minn. 283, 43 N. W. 3. An ambiguity or doubt should be resolved in favor of the municipality.

Several cases have been cited by counsel for the county in support of his contention that this is an illegal claim, the one most directly in point being Crocker v. Supervisors, 35 Wis. 284. Plaintiffs in that case, a sheriff and his deputy, each owned a livery

stable. In computing their fees, they included team hire, each having used horses from his own barn. Undoubtedly, horses are quite as essential to a sheriff when he is engaged in the performance of his duties as they are to a county surveyor, and perhaps more so; but the court held the claim to be unfounded. We might elaborate, but it seems hardly necessary. The question involved and the rule are discussed and applied in a large number of cases, among them Towsley v. Ozaukee, 60 Wis. 251, 18 N. W. 840; Randles v. Waukesha, 96 Wis. 629, 71 N. W. 1034; People v. Supervisors, 28 How. Pr. 22; Wade v. Lewis, 24 Mont. 335, 61 Pac. 879; Board v. Mitchell, 93 Ind. 307; Board v. Axtell, 96 Ind. 384.

Counsel for relator has called attention to G. S. 1894, § 638, which gives power to each county to make all contracts and to do all other acts in relation to the property and concerns of the county necessary to the exercise of its corporate powers; and also to section 681, which confers upon the board of county commissioners the power to examine and settle all accounts against the county, and gives to such board the care of county property, the management of the county funds and county business. It is obvious that these sections simply authorize the board of county commissioners to transact such business for the county as is necessary in the exercise of its expressly granted corporate powers. It does not authorize expenditures of county funds, except where provision is expressly made, or where, for the proper transaction of municipal affairs, such expenditures are by inference or implication necessarily authorized. There is no inherent power in a board of county commissioners to allow bills, as has been contended for; and every act whereby public funds are appropriated must find its authority in the statute, either expressly or by necessary implication.

It has been argued that, as county surveyors must have assistants, such as chain and rod men, it will be incumbent on them to defray the expenses thereof themselves if this bill be not allowed; and, further, that they will be required not only to pay for all corner posts which they are required to set, but to transport them to the points of location, no matter how great the distances.

This does not follow at all. No one would expect a county surveyor to compensate his assistants himself, nor to furnish and pay for corner posts which he might be required to locate and set, nor would it be expected that he would transport them from the place where purchased to their locations at his own expense.

Counsel also urges that it has been the custom for years in Ramsey county to pay bills of this nature, and that such a custom is sufficient to create a liability, without express or implied statutory enactment. That illegal bills have been paid for years by the board, and that such practice has become a custom or usage, is no reason for upholding and sanctioning another violation of the law. A custom or usage on the part of a county board to allow improper claims cannot convert them into proper claims; cannot transform an illegal demand upon the county into one that is legal and enforceable. County v. Spencer, 103 Cal. 498, 37 Pac. 483; Sears v. Gallatin, 20 Mont. 462, 52 Pac. 204; Wade v. Lewis, supra; People v. Supervisors, supra.

In conclusion we feel obliged to say that no definite or fixed rule can be laid down by which every case or claim can be determined, and we have not attempted to do so.

Order affirmed.