PHILIP C. JUSTUS v. BOARD OF COUNTY COMMISSIONERS OF
RAMSEY COUNTY.[1]

December 30, 1904.

Nos. 14,127—(155).

**Sheriff's Fee.**

A sheriff is not entitled to a fee of one dollar from his county for each
execution issued upon a personal property tax judgment delivered to
him and returned by him unsatisfied.

Appeal by plaintiff from an order of the district court for Ramsey
county, Olin B. Lewis, J., sustaining a general demurrer to the com-
plaint. Affirmed.

*Reese & Zollman,* for appellant.

*Thomas R. Kane* and *O. H. O'Neill,* for respondent.

START, C. J.

This is an appeal by the plaintiff from an order of the district court
of the county of Ramsey sustaining a general demurrer to his com-
plaint, which alleged a claim of $1,002 against the defendant for the
fees of the plaintiff, as sheriff, in returning unsatisfied one thousand two
executions issued on personal property tax judgments.

The question presented by the record for our decision is this: Is
the sheriff entitled to a fee of one dollar from his county for each
execution issued upon a personal property tax judgment delivered to
him and returned by him unsatisfied? We answer the question in the
negative. A public officer takes his office with all its burdens, and he is
not entitled to any compensation for services rendered to the public un-
less the statute expressly authorizes it.

It is, however, the contention of the plaintiff that the statute (G. S.
1894, §§ 5550, 5553) expressly provides compensation for services of
the kind here in question. It is true that this statute provides that
sheriffs shall be entitled to a fee of one dollar for diligent search and
inquiry, and returning an execution unsatisfied when no property can

[1] Reported in 101 N. W. 943.

be found.   And if this provision applies to an execution on a personal property tax judgment, the plaintiff's contention would be correct.

But the enforcement of personal property taxes is a special proceeding, controlled by the statutes establishing it, and the legislature has provided a course of procedure in tax cases complete in itself. Thus section 1570, G. S. 1894, provides for the fees of the clerk of the district court in cases not contested, and in contested cases such fees as are allowed in civil actions.   Section 1574, provides that the sheriff or his deputy shall be allowed the same fees for collecting taxes, and for making distress and sale of goods and chattels for the payment of taxes, as are allowed by law to constables for making levy and sale of property on execution.   It is to be noted that the statute gives the fee only in case the sheriff collects something on the tax from which it can be paid, and, further, that there is no provision giving the sheriff, in any contingency, such fees as are allowed in civil actions, as provided in the case of the clerk.   The plaintiff contends that section 1574 refers only to the collection of delinquent personal property taxes upon tax warrants, not to collections on tax executions.   We are, however, of the opinion that this section refers to taxes collected on either a warrant or execution.   Section 1570 provides for issuing executions on personal property tax judgments, and that no property shall be exempt from seizure by virtue thereof.   This implies that the executions are to be delivered to the proper officer—the sheriff —for collection.

In Schmid v. County of Brown, 44 Minn. 67, 46 N. W. 145, it was held that a sheriff was entitled, by virtue of section 1574, to fees for an unsuccessful attempt to collect a tax warrant; that is, for returning it unsatisfied.   The logic of the case cited would sustain the plaintiff's contention in this case, for there is no essential difference between a tax warrant and a tax execution as to sheriff's fees.   The case, however, was expressly overruled by the case of Chapel v. Board of Commrs. of Ramsey Co., 71 Minn. 18, 73 N. W. 520, wherein it was held that a sheriff was not entitled to fees from the county for returning tax warrants unsatisfied.

In Wagener v. Board of Commrs. of Ramsey Co., 76 Minn. 368, 79 N. W. 166, it was held that the sheriff was not entitled to fees from the county for returning tax citations not served for the reason that the per-

son therein named could not be found after diligent search. Counsel for the plaintiff calls our attention to a statement in the opinion in the Wagener case to the effect that: The statute (G. S. 1894, § 5553) provides that the sheriff shall receive, as compensation, "for diligent search and inquiry and returning summons when parties cannot be found, one dollar, without regard to number of defendants, and returning execution when no property can be found, one dollar. But this is not the kind of service charged for. The items are for attempted service of subpœnas, writs of attachment, orders to show cause, and personal property tax citations, when the person sought was not in fact found." The inference which counsel draws from this statement is that, if the services in that case had been for returning tax executions unsatisfied, no property having been found, the county would have been liable for such services. Whatever may be inferred from the statement, it is here immaterial, for no such question as suggested was before the court in the Wagener case. The case at bar cannot be distinguished from the Chapel case, and we hold that the plaintiff is not entitled to recover from the county for the services here in question.

Order affirmed.