ANTON MIESEN v. COUNTY OF RAMSEY.[1]

July 12, 1907.

Nos. 15,192—(174.)

**Fees of Sheriff.**

The sheriff of Ramsey county is entitled, for services rendered in proceedings to enforce the payment of delinquent personal property taxes, to such fees, and such fees only, as are prescribed by the general statutes relating to that subject.

**Same.**

If no fee is there prescribed for a particular service, resort may not be had to the general fee bill fixing the fees for like services.

**Serving Tax Citation.**

The fact that the sheriff has erroneously charged a fee for serving a personal property tax citation, and the same is included in the judgment against the taxpayer, does not entitle him to recover the amount from the county.

**Quære.**

Whether he could recover the same if actually paid to the county—quære.

Action in the district court for Ramsey county by the sheriff of that county to recover $3,398.20 for making copies and serving citations in proceedings to collect delinquent personal property taxes. From an order, Orr, J., sustaining a demurrer to the complaint, defendant appealed. Affirmed.

*Edward P. Sanborn,* for appellant.

*Richard D. O'Brien* and *Patrick J. Ryan,* for respondent.

BROWN, J.

Appeal from an order sustaining a general demurrer to plaintiff's complaint. The only question involved in this case is the right of the

---

[1] Reported in 112 N. W. 874.

sheriff of Ramsey county to fees for serving citations in proceedings to collect delinquent personal property taxes. The complaint alleges that, in proceedings for the collection of such taxes in the district court of the said county for the years 1904 and 1905, the plaintiff, as sheriff, served a large number of citations, making due return thereof to the court, upon which he indorsed the amount claimed by him as fees for the service, and which was subsequently included in the judgments against the persons cited to appear. He demands judgment for the amount so alleged to have been earned.

The case is controlled, as we view the matter, by Chapel v. Board of Commrs. of Ramsey County, 71 Minn. 18, 73 N. W. 520, Wagener v. Board of Commrs. of Ramsey County, 76 Minn. 368, 79 N. W. 166, and Justus v. Board of Commrs. of Ramsey County, 94 Minn. 72, 101 N. W. 943. Those cases involved the right of the sheriff of this county to fees in tax proceedings, and we held in each, in effect, though not expressly, that for services rendered in tax proceedings the sheriff was entitled to such fees, and such fees only, as are expressly provided for by chapter 11, R. L. 1905, covering the subject of taxation and proceedings to enforce the payment of delinquent taxes. In other words, for services where no fee is expressly provided by the chapter on taxation, the sheriff has not been permitted to recover under the general statutes prescribing fees for like services, nor under the special act fixing the fees of the sheriff of Ramsey county. The only case where resort to the general fee bill was permitted was Schmid v. County of Brown, 44 Minn. 67, 46 N. W. 145; but that case was subsequently overruled. Chapel v. Board of Commrs. of Ramsey County, supra. All the cases are collected in the Justus case, supra, and the reasons there assigned for holding against the sheriff apply to the case at bar.

The fact that the sheriff in this instance actually served the citation, and certified in his return the amount of fees claimed, which were subsequently included in the judgment against the taxpayer, cannot change the legal rights of the parties. The sheriff's fees are fixed by statute, and, in determining his right to collect for a particular service, reference must be had to the terms of the law so fixing his compensation. The only fees to which the sheriff is entitled in proceedings of this kind are those prescribed for collections made under distress warrants, or before service of citation. No fee is allowed for

service of citations, and no charge could properly be made therefor. Unless we are to overrule our previous decisions, it must be held that plaintiff cannot recover, it not appearing that the county has collected any part of the amount included in the judgments, even if it be conceded that he could recover the same from the county in such a case, a question we do not decide.

The statement relied upon by plaintiff's counsel, contained in the opinion in Wagener v. Board of Commrs. of Ramsey County, supra, to the effect that the sheriff would be entitled to a fee in all cases where service was in fact made, was an obiter remark, and not necessary to a decision of that case, which involved the right to fee for diligent search and inquiry and returning the citation "not found." The question whether the sheriff would be entitled to a service fee, were the citation actually served, was not involved in the case.

Order affirmed.