## STATE v. E. T. SANDBERG.[1]

July 30, 1926.

No. 25,709.

**Statute forbids town official from collecting for upkeep of his motor used in town business.**

G. S. 1923, § 1096, which forbids public officials from being interested in contracts which they make, prevents a town supervisor from using his automobile in looking after town business and collecting from the town the upkeep, maintenance and expenses thereof while so used.

Towns, 38 Cyc. p. 633 n. 36.

Defendant was convicted in the district court for St. Louis county, Hughes, J., of the crime of being wrongfully interested in a payment voted by the town board of which he was a supervisor. Certain questions were certified.

*McMahon & McMahon*, for defendant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Deputy Attorney General, *Mason M. Forbes*, County Attorney, and *Philip M. Stone*, Assistant County Attorney, for respondent.

WILSON, C. J.

Defendant was a supervisor in the town of White in St. Louis county. He was indicted and convicted of the crime of being wrongfully interested in a payment voted by the town board. The item was $85 for "auto hire" included in a claim verified and filed by defendant. He received warrants for similar claims from April, 1925, to January, 1926, inclusive.

Upon the trial the court excluded an offer of proof embraced in the question certified to this court under authority of G. S. 1923, § 10756, which is in substance:

"Would it be material defensive matter for the defendant to prove that the item of $85.00 for automobile hire was made up for

[1]Reported in 209 N. W. 943.

the upkeep and maintenance and expenses of defendant's automobile which he used for the month of January for the town board?"

The fact that defendant could have exactly the same amount of maintenance for each month for 10 months is the best evidence that defendant's contention herein is not sound and cannot be founded upon reason or principle. Obviously the transaction involved a contract in which defendant was interested in violation of G. S. 1923, § 1096. It is not included in the exceptions as stated therein. The spirit and letter of the statute are against the theory of defendant that he can measure up to a certainty the actual value of wear and tear on tires and general depreciation in value of the car that is necessarily included in maintenance. Nor can he know how much expense of oil should be included in the particular service, granting that he might properly compute cost of gas. Defendant's position is contrary to our previous holdings. State v. Danculovic, supra, page 359. A supervisor may be paid "for contingent expenses necessarily incurred for the use and benefit of the town." G. S. 1923, § 1093. But G. S. 1923, § 766, provides that the claim must show that the money therein charged was actually paid for the purposes therein stated. But it does not follow that such an officer may recover for the use of his own car. State ex rel. Johnson v. Smith, 84 Minn. 295, 87 N. W. 775; 2 McQuillin, Mun. Corp. (1911 ed.) § 522, p. 1137; McCumber v. Waukesha County, 91 Wis. 442, 65 N. W. 51. Assuming, if we may, that defendant was attempting to furnish his car to the county at actual cost and without profit to himself, yet there is a contract between him and the town which is prohibited by the statute. The absence of profit does not change the meaning of the statute. There must be no chance to stop and consider the possibility of profit. It is the intent of the statute to forestall any question of a delicate nature and to prevent unfavorable comment on transactions which may bring the administration of public affairs in disrepute. We find no difficulty in construing the legislative intent which we think is clear. It follows that the inquiry is answered in the negative.