PACIFIC COAL CO., RESPONDENT, v. SILVER BOW COUNTY, APPELLANT.

(No. 6,108.)

(Submitted April 26, 1927.   Decided May 25, 1927.)

[256 Pac. 386.]

*Prisons—County Jails—Sheriffs—Board of Prisoners—Extent of Liability of Counties.*

Prisons—Sheriffs—County Jail—"Board" of Prisoners Includes Food Only.
  1. *Held,* that while the word "board" may include both room rent and meals, as used in section 4886, Revised Codes 1921, fixing the fee allowable to a sheriff for "board of prisoners" confined in the county jail, means food or meals only, since under section 12469, Id., counties must provide for a county jail with a sufficient number of rooms to accommodate the prisoners confined therein.

Counties—Not Chargeable With Expense not Allowed by Law.
  2. What is not by law imposed as an expense upon a county is not a charge against it.

Prisons—County Jails—Extent of Counties' Liability to Sheriffs for Board of Prisoners for Fee Allowed by Statute.
  3. The fee allowed to sheriffs by section 4886, Revised Codes 1921, for board of prisoners confined in the county jail covers the total amount of the county's liability for that purpose; hence a charge for fuel for preparing the food was properly disallowed by the board of county commissioners.

---

[1]   Board, 8 C. J., p. 1130, n. 92.   Prisons, 32 Cyc., p. 351, n. 12, 13, 14.
[2, 3]   Counties, 15 C. J., sec. 264, p. 562, n. 38.   Prisons, 32 Cyc., p. 351, n. 16.

2.   See 7 R. C. L. 950.

*Appeal from District Court, Silver Bow County, in the Second Judicial District; W. H. Poorman, a Judge of the First District, presiding.*

CLAIM by the Pacific Coal Company against Silver Bow County. From a judgment reversing an order of the board of county commissioners disallowing the claim, the county appeals. Reversed.

*Mr. T. E. Downey, Mr. N. A. Rotering* and *Mr. J. F. Sullivan,* for Appellant, submitted a brief; *Mr. Sullivan* argued the cause orally.

*Mr. Timothy Nolan,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

Silver Bow county, in compliance with the statute (sec. 12466, Rev. Codes 1921), maintains a common jail, which is kept by the sheriff of that county for the detention of such prisoners as may be committed thereto by competent authority (sec. 12468, Id.). It is the duty of the sheriff to provide such prisoners "with necessary food, * * * for which he shall be allowed a reasonable compensation * * * to be paid out of the county treasury." (Sec. 12482, Id.) By the provisions of section 4886, Id., the legislature fixed the fee to be allowed the sheriffs of the several counties of the state "for board of prisoners" confined in the jail at specified sums per diem, dependent upon the number of prisoners confined therein.

From the evidence in this case it appears that there is maintained in the county jail of Silver Bow county a range used for cooking food for the use of persons confined in the jail. The sheriff, through his deputy, made application to the board of county commissioners for a requisition for coal to be used in the range for that purpose. This requisition was refused by the commissioners. Subsequently the sheriff ordered coal

from the respondent, and the same was delivered at the jail and used in the range by the sheriff in preparing meals for the prisoners. The respondent presented its bill to the county for this coal. The same was disallowed by the commissioners. Respondent appealed to the district court, which reversed the action of the commissioners. From the judgment entered in the district court, the defendant appealed, after its motion for a new trial had been overruled.

There is but one question presented on this appeal, namely: Was the county required to supply the sheriff with coal to be used in the jail range for the purpose of cooking meals for the prisoners? The question of liability for fuel consumed in the range for heating water used by the prisoners confined in the jail, or by the sheriff, for sanitary or other purposes therein, is not involved.

The answer to the question presented necessarily depends [1] upon a determination of the meaning of the words "board of prisoners," as used in section 4886, supra. The word "board," while sometimes given a meaning broad enough to include both room rent and meals (*Heron* v. *Webber,* 103 Me. 178, 68 Atl. 744), as used in this section can only have reference to meals or food served to the prisoners, for the county jail required to be provided by the county, must contain a sufficient number of rooms · to accommodate those who are confined therein (sec. 12469, Rev. Codes 1921). Therefore it appears that "necessary food," as used in section 12482, and "board of prisoners," as used in section 4886, are different expressions to convey the same idea.

A prisoner committed to the county jail for trial or for examination, or upon conviction for a public offense, must be actually confined in the jail until he is legally discharged. (Sec. 12471, Id.) It follows that the sheriff is compelled by law to supply such prisoners with their necessary "food" or "board" in the jail. The statute does not prescribe where the food shall be prepared, whether inside the jail or out; that matter is left optional with the sheriff.

In *Scharrenbroich* v. *Lewis and Clark County,* 33 Mont. 250, 83 Pac. 482, speaking of the fee allowed to the sheriff for the board of prisoners, this court said that the intent of the statute was that the sheriff should not make any profit or gain out of it, but that the full amount thereof should be spent in providing food for the prisoners. Neither is it the contemplation of the statute that the sheriff should suffer loss in furnishing this food.

A part of the necessary expense involved in placing food before a prisoner in condition fit for consumption is the cost of fuel with which the same is cooked. If the sheriff should have this food prepared outside the jail for service to the prisoners, as he would have a right to do, it could not be successfully argued that he would be required to expend the full amount of his per diem fee for the raw food alone, and in addition thereto pay the cost of fuel and expense of preparation. As a legitimate part of the cost of such food he would be entitled to take into consideration the item of fuel and other expense of preparation. If, on the other hand, the sheriff should avail himself of the facilities provided in the jail for cooking food for prisoners, he would likewise be entitled to take into consideration the same items; that is, in either event, in computing the amount of his expenditures for board of the prisoners, he would be entitled to include the necessary cost of preparing the same, so as to make it suitable for consumption.

The sheriff's fee for providing this "board" or "food" is [2, 3] the amount specified in section 4886. Under this section he is not entitled to anything further. To hold that the county is required to pay a part of the sheriff's expense in furnishing such board would be equivalent to allowing him compensation in addition to that provided by law. This the county cannot be permitted or required to do. What is not by law imposed as expenses upon a county is not a charge against it. (*Wade* v. *Lewis and Clark County,* 24 Mont. 335, 61 Pac. 879; *Sears* v. *Gallatin County,* 20 Mont. 462, 40 L. R. A. 405, 52 Pac. 204.)

A consideration of sections 12482 and 4886, above referred to, impels us to the conclusion that the clear intent is that the fee provided for in section 4886 is intended to cover the total amount of the county's liability for the furnishing of board to prisoners confined in the county jail and that it is not entitled or permitted to make any further or additional expenditures for that item. It therefore follows that the action of the board of county commissioners in refusing to allow the claim of the respondent for coal furnished to the sheriff and used by him in preparation of the food which he was required to furnish the prisoners confined in the county jail for the fee named in section 4886 was correct, and that the district court was in error in holding otherwise.

For the foregoing reasons, the judgment of the district court is reversed.

*Reversed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, MATTHEWS and GALEN concur.