INDEPENDENT PUBLISHING COMPANY, APPELLANT, *v.* COUNTY OF LEWIS AND CLARKE, RESPONDENT.

(No. 2,045.)

(Submitted March 5, 1904.   Decided March 11, 1904.)

*Counties—Expenses of Criminal Prosecutions—Briefs on Appeal—Liability of County.*

1. A county is one of the civil divisions of the state for political and judicial purposes, created by the sovereign power of the state of its own will, without the consent of the people who inhabit it; it is quasi corporate in character, but has only such powers as are expressly provided by law or are necessarily implied by those expressed.
2. After a criminal case has been appealed to the supreme court, the duties of the county attorney therein and his power to contract expenses for the county cease, and the duty of the attorney general begins, and, there being no Code provision authorizing it, he has no power to contract on behalf of the county, and the county has no power lawfully to pay, expenses incurred in printing briefs filed on behalf of the state in the appeal.

*Appeal from District Court, Lewis and Clarke County; J. M. Clements, Judge.*

ACTION by the Independent Publishing Company against the county of Lewis and Clarke. From a judgment for defendant, plaintiff appeals. Affirmed.

*Mr. F. W. Mettler,* for Appellant.

*Mr. Lincoln Working,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

A rule of this court requires briefs to be printed. (Rule X.) In the case of *State* v. *Brown* (heretofore determined), 29 Mont. 179, 74 Pac. 366, a brief was printed by the appellant herein at the request of the attorney general. The prosecution having arisen in Lewis and Clarke county, the appellant presented its bill to the board of county commissioners of that county for allowance and payment. The board rejected it as not being a county charge. Thereupon an appeal was taken to the district court. (Political Code, Sec. 4288.) In that court the parties filed an agreed statement of facts in substance as follows: The brief, which is the basis of the claim of appellant herein, was ordered by the attorney general of the state of Montana for use of the supreme court in the case of *State of Montana, Respondent,* v. *Wilton G. Brown, Appellant,* which was an appeal from a judgment of conviction in a criminal prosecution in the district court of Lewis and Clarke county, Montana, and said brief was ordered on behalf of the state, and filed in the supreme court in accordance with the rule of the court requiring the same. The district court thereupon rendered judgment thereon in favor of the county; hence this appeal.

The sole question for determination is this: Is a county liable for the expense of printing briefs filed on behalf of the state in this court in criminal cases arising within such county, when ordered by the attorney general?

All criminal charges must be preferred in the name of the state and prosecuted by its authority. (Constitution, Art. VIII, Sec. 27.) The county attorney is the public prosecutor, and it is his duty, among others, to attend the district court and conduct on behalf of the state all prosecutions for public offenses. (Political Code, Sec. 4450.) All expenses necessarily incurred by him in such cases arising in the county are a county charge. (Political Code, Sec. 4681, Subd. 3.) The attorney general is given supervisory power over him in all matters pertaining to his official duties, and when the public service requires it, or he is requested by the governor to do so, he must assist the county attorney of any county in the performance of his duties. (Political Code, Sec. 460.) When the emergency arises calling him to the assistance of the county attorney, he necessarily has the authority to do anything that the inferior officer may do, or, if the circumstances require it, undo what has already been done. (*State ex rel. Nolan* v. *Dist. Court,* 22 Mont. 25, 55 Pac. 916.) The connection of the county attorney with a criminal prosecution, however, ceases for the time being when it is removed to this court by appeal, and such connection is not renewed again unless the cause is remanded to the district court for further proceedings. The attorney general must appear in this court and prosecute or defend all causes to which the state is a party. (Political Code, Sec. 460), and this duty is exclusively his. So long as the cause is pending in the district court, all expenses are proper charges against the county. This includes fees and mileage of officers, when they are allowed, and of witnesses and jurors. Included also is the expense of keeping the defendant when in custody. (Political Code, Sec. 4681.)

A county is one of the civil divisions of the state for political and judicial purposes, created by the sovereign power of the state of its own will, without the consent of the people who inhabit it. (7 Am. & Eng. Ency. Law (2d Ed.) 900.) It is *quasi* corporate in character, but has only such powers as are expressly provided by law or are necessarily implied by those expressed.

(Political Code, Sec. 4190; *State ex rel. Lambert* v. *Coad,* 23 Mont. 131, 57 Pac. 1092.) The extent of its duties and the burdens of expense to be borne by it are to be measured by the same limitations. So far as the expenses of criminal prosecutions are necessarily incurred by the county attorney, he is by law the agent of the county. When his duties in that regard cease on removal of a cause to this court, his power to contract expense also ceases.

If the attorney general, then, has power to contract expense bills for which the county is chargeable, his authority must be found in the enumeration of his powers and duties, or else in the enumeration of matters which are proper charges against the county, and the burdens of government cast upon it under the statute. A careful examination of all the provisions of the law upon this subject does not disclose anywhere that the counties are chargeable with any expense touching a criminal prosecution after its removal to this court. Nor is there among the powers of the attorney general with reference to such prosecutions mention of any authority to charge any expense to a particular county. While he may supervise and assist the county attorney during the pendency of the prosecution in the district court, there is no longer anything to supervise, nor any inferior officer to assist, after the cause is removed to this court. It is then in his exclusive control; and in the absence of express authority, or authority necessarily implied, he may not charge the county with any expense incurred by him. Section 4681, *supra,* has reference only to the powers of the county attorney in this particular, and although in the supervision of the county attorney in that official's duties, or in giving such assistance as he may render in the performance of them, the attorney general might incur expense for which the county is chargeable, such power does not appertain to the performance of his duties at the capital. Moreover, a board of commissioners may not assume and pay charges which the law does not impose upon the particular county.

There was, therefore, with reference to the bill in controversy, no power to contract for the county, nor power in the county lawfully to pay. Hence the district court was correct in holding that the bill in question is not a county charge, no matter whether the attorney general presumed to contract for the county or not, and its judgment must, for this reason, be affirmed.

Much was said in the argument of counsel touching the question whether the bill is a proper charge against the state, payable out of the appropriation made for office and traveling expenses of the attorney general. This question is not before us, and is not decided. Judgment affirmed.

*Affirmed.*

MR. JUSTICE MILBURN: I concur. The state prosecutes and should pay all expense bills incurred by it, unless there be special provision of law charging them, or part of them, to the county in which the prosecution originates. The county must pay what the law expressly says shall be paid by it, and no more. There is not any statute requiring the county to pay bills incurred by the state on appeal.