STATE, APPELLANT, *v.* BARRY, RESPONDENT.

(No. 3,151.)

(Submitted June 10, 1912. Decided June 15, 1912.)

[124 Pac. 774.]

*Criminal Law—Prosecution in Name of State—Information—Sufficiency.*

1. While under section 27, Article VIII of the Constitution all prosecutions must be conducted in the name and by the authority of the state, an information is not defective merely because it does not contain a formal, specific allegation that it was presented in its name and by its authority; where the record shows that the prosecution was so instituted and conducted, the requirement of the Constitution is met.

*Appeal from District Court, Carbon County; Sydney Fox, Judge.*

G. W. BARRY was charged with crime, and, from an order directing a verdict for him on the ground of the insufficiency of the information, the state appeals. Reversed.

Cause submitted on brief of counsel for appellant.

*Mr. Albert J. Galen,* Attorney General, and *Mr. W. H. Poorman,* Assistant Attorney General, for Appellant.

No appearance on behalf of Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The defendant was charged with the crime of assault in the second degree. The information is formally entitled in the proper court, and reads as follow: "The State of Montana, Plaintiff, v. G. W. Barry, Defendant. In the district court of the Thirteenth judicial district of the state of Montana, in and for the county of Carbon, on this 6th day of November, 1911, in the name and on behalf of the state of Montana, G. W. Barry is accused by P. E. Allen, the duly elected, qualified, and acting county attorney of Carbon county, Montana, by this information with the crime of assault in the second degree, committed as follows, to-wit: That at the county of Carbon, state of Montana, on or about the 17th day of July, 1911, and before the filing of this information [describing the circumstances of the assault], contrary to the form, force, and effect of the statutes in such cases made and provided and against the peace and dignity of the state of Montana." At the close of the evidence in the case the court, on motion of defendant, directed a verdict in his favor on the ground that the information is defective, in that it is not alleged therein that it is presented "in the name and by the authority of the state of Montana." The appeal is by the state, and the only question presented is whether the information is sufficient.

The Constitution declares: "The style of all process shall be 'The State of Montana,' and all prosecutions shall be con-

ducted in the name and by the authority of the same." (Const., Art VIII, sec. 27.) While the provision is mandatory, it by no means follows that an indictment or information is defective if it does not contain a formal specific allegation that it is presented in the name and by the authority of the state. The provision embodies both a command to the courts that they shall not entertain a prosecution of a citizen by any authority other than that of the state, acting through the officers provided for that purpose, and also a guaranty to the citizen that he shall not be held to answer by any other authority.

The constitutions of several of the states of the Union contain provisions similar to that found in our own. It is held generally that the requirement is complied with if it appears from the record that the prosecution is conducted in the name of the state and by its authority. (*State* v. *Russell*, 2 La. Ann. 604; *Greeson* v. *State*, 5 How. (Miss.) 33; *Horne* v. *State*, 37 Ga. 80, 92 Am. Dec. 49; *Savage* v. *State*, 18 Fla. 909; *State* v. *Blakely*, 83 Mo. 359; *State* v. *Delue*, 2 Pinn. (Wis.) 204; *Holt* v. *State*, 47 Ark. 196, 1 S. W. 61; *People* v. *Bennett*, 37 N. Y. 117, 93 Am. Dec. 551; *State* v. *Thompson*, 4 S. D. 95, 55 N. W. 725; Wharton's Criminal Pleading and Practice, 8th ed., 92.) In *Savage* v. *State*, *supra*, it is said: "The Constitution says all prosecutions shall be conducted in the name and by the authority of the state. It is not required that the indictment on its face shall say in words that it is 'prosecuted in the name and by the authority' of the state. It merely directs that the state in its name and by its authority shall prosecute, and that no other name or any other authority shall control the prosecution. It is sufficient that the court shall recognize the state and its authority, and no other party or authority in such prosecutions, and that the proceedings are so conducted and the records show it."

The information in this case meets the requirement of section [1] 9156 of the Revised Codes. It is entitled in the proper court; it is subscribed by the county attorney of the county; it contains the name of the defendant; it alleges that the offense was committed within the jurisdiction of the court at a time prior to the date on which it was filed. It is also in the form prescribed by

section 9148, in that it is entitled, "The State of Montana v. G. W. Barry," and concludes, "contrary to the form, force and effect of the statute in such case made and provided and against the peace and dignity of the state," and is signed officially by the officer whose duty it is under the statute (Rev. Codes, sec. 3052), enacted in pursuance of the Constitution (Art. VIII, sec. 19), to prosecute offenses against the state. Moreover, it is alleged that the defendant is accused "in the name and on behalf of the state of Montana." We are of opinion that it sufficiently appears from it that the prosecution was instituted and conducted in the name of the state and by its authority.

No brief has been presented on behalf of defendant; but we gather from the record that the trial judge based his ruling upon the case of *Independent Pub. Co.* v. *Lewis and Clarke County,* 30 Mont. 83, 75 Pac. 860. The case is not in point. The question before the court was whether the attorney general of the state could lawfully charge a county in which a defendant had been convicted upon a criminal charge with the expense of printing a brief on behalf of the state on appeal to this court. It was held that he had no such authority.

The action of the district court was erroneous. The order is accordingly reversed.

*Reversed.*

Mr. Justice Smith and Mr. Justice Holloway concur.