[S. F. No. 6541. In Bank.—August 23, 1913.]

A. J. ROCCA, Petitioner, v. THOMAS F. BOYLE, as Auditor of the City and County of San Francisco, Respondent.

PUBLIC OFFICERS—DISTRICT ATTORNEY—TEMPORARY EMPLOYMENT OF DETECTIVE—AUTHORITY OF DISTRICT ATTORNEY OF SAN FRANCISCO. Under the general law of the state embodied in section 4307 of the Political Code, a district attorney is authorized to employ detectives at the expense of the county, when necessary to enable him to ascertain the persons guilty of crime, or to obtain evidence to prove the commission thereof, and effectively prosecute the same. This same authority is conferred on the district attorney of the city and county of San Francisco, by section 2 of chapter III of article V of its charter (Stats. 1899, p. 278), providing that such officer "shall have all the powers conferred, and shall discharge all the duties imposed upon, the district attorneys of the counties by the general laws of this state," and the compensation of the person employed by him for such purpose is a legal charge against the city and county.

ID.—AUDIT OF DEMAND OF DETECTIVE—PROCEDURE IN SAN FRANCISCO GOVERNED BY CHARTER.—In case of a charge for such compensation against a county, the general law (Pol. Code, sec. 4041, subd. 11) requires that it shall be settled and allowed by the board of supervisors. The city and county of San Francisco, however, in the

matter of the procedure for the allowance of claims against it, and with respect to the authority of officers and boards to settle and allow the same, is not governed by the provisions of the Political Code, but by its charter.

ID.—DEMAND TO BE AUDITED BY AUDITOR IN SAN FRANCISCO—APPROVAL BY SUPERVISORS UNNECESSARY—CONSTRUCTION OF CHARTER.—Under section 12 of chapter III of article III of that charter, the auditor of the city and county of San Francisco is the officer upon whom is devolved the duty of auditing demands for compensation for detective service under employment of the district attorney, and it is not necessary, in such a case, that the demand shall be presented to or approved by the board of supervisors. That section expressly declares that if the auditor finds such demand correct, "he shall audit and allow" it, and that thereupon the treasurer shall pay it "without further approval."

ID.—DISTRICT ATTORNEY AN OFFICER AUTHORIZED TO MAKE TEMPORARY EMPLOYMENT.—The district attorney, being an officer "legally authorized to employ a person other than one of his deputies or assistants at a stated compensation," comes within the description given in section 12 of persons empowered to employ; and a detective employed for special temporary work, is embraced in the definition of the person who may be the employee.

ID.—PUNCTUATION OF CHARTER AS OFFICIALLY PRINTED.—In construing the clause of such section reading, "When an officer, legally authorized to employ a person other than one of his deputies or assistants at a stated compensation fixed by law, has employed such person," the punctuation of the passage, as so officially printed, must be deemed to have been used advisedly, for the very purpose of authorizing the employment of persons temporarily to do special or occasional work in particular cases and emergencies for which no other provision was made.

APPLICATION for a Writ of Mandate directed to the auditor of the City and County of San Francisco.

The facts are stated in the opinion of the court.

C. M. Fickert, Maxwell McNutt, and Aylett R. Cotton, for Petitioner.

Percy V. Long, City Attorney, Robert M. Searles, Assistant City Attorney, and Edward S. Moran, for Respondent.

SHAW, J.—This is an application for a writ of mandate to compel the defendant, as auditor of the city and county of

San Francisco, to audit, approve, and allow a certain demand against the city and county of San Francisco in favor of the plaintiff, as compensation for his services as detective under the employment of the district attorney of said city and county.

The plaintiff was employed by the district attorney as a detective to search for witnesses and secure a statement of their testimony in aid of the prosecution of persons believed to have committed certain crimes in San Francisco, for which work the agreement made by the district attorney was that he should be paid at the rate of five dollars a day and his necessary expenses. The suspected persons were Italians. The plaintiff spoke the Italian language. It was necessary to have the investigation made by some one familiar with that language. Plaintiff was engaged in the work fifteen days, and expended therein during that time ten dollars. He made out his demand in due form for the sum thus earned at the agreed rate. At the end of the month the district attorney made a statement verified by his oath showing the services of plaintiff, the amount charged therefor, and the other details required by section 12 of chapter III, article III, of the San Francisco charter, and delivered the same to the defendant, as such auditor, for his examination and information in auditing and allowing the plaintiff's demand. A request was thereupon made upon defendant that he proceed to audit and allow the plaintiff's demand, and he refused to do so. No reason was given for such refusal. Upon the hearing of this case the only reason advanced for the refusal was that it was necessary that the demand should be presented to and audited and allowed by the board of supervisors.

The San Francisco charter provides that the district attorney of the city and county "shall have all the powers conferred, and shall discharge all the duties imposed upon, the district attorneys of counties by the general laws of the state." (Art. V, chap. III, sec. 2, Stats. 1899, p. 278.) The general law relating to the powers and duties of district attorneys of counties provides that "The following are county charges: . . . 2. The traveling and other personal expenses of the district attorney, incurred in criminal cases arising in the county, . . . and all other expenses necessarily incurred by him in the detection of crime and the prosecution of criminal cases." (Pol.

Code, sec. 4307.)    This authorizes the district attorney to employ detectives at the expense of the county, when necessary to enable him to ascertain the persons guilty of crime, or to obtain evidence to prove the commission thereof and effectively prosecute the same.    This was recognized as the effect of this provision in *Humiston* v. *Shaffer,* 145 Cal. 197, [78 Pac. 651].    It was expressly decided in *Langdon* v. *Koster,* 157 Cal. 40, [106 Pac. 209], in which case it was also held that the provision of the charter above quoted made this provision of the code applicable to the district attorney of the city and county of San Francisco.    There can be no doubt that this is the purport and effect of the two provisions.

It is thus established that the district attorney of San Francisco had the power to employ the plaintiff, on behalf of the city and county to do the work which he has done, and that his compensation is a legal charge against the city and county. In case of a similar charge against a county, the general law requires that it shall be settled and allowed by the board of supervisors.    (Pol. Code, sec. 4041, subd. 11.)    San Francisco, in the matter of the procedure for the allowance of claims against it, and with respect to the authority of officers and boards to settle and allow the same, is not governed by the provisions of the Political Code, but by the city and county charter.

. The charter declares that "Except as provided in chapter III of article III of this charter, all demands payable out of the treasury must, before they can be approved by the auditor or paid by the treasurer, be first approved by the board of supervisors."    (Art. II, chap. I, sec 19, Stats. 1899, p. 246.)

Turning to chapter III of article III, we find section 12 thereof as follows:

"Sec. 12.    When an officer, legally authorized to employ a person other than one of his deputies or assistants at a stated compensation fixed by law, has employed such person, and in pursuance of such employment such person has rendered the service for which he was employed, such officer shall, at the end of each month, prepare and deliver to the auditor a statement verified by the oath of such officer, showing the case or instance in which such service was performed, for whom performed, the name of the person so employed, by whom the service was performed, the amount of the charge therefor, the

time actually employed in performing such service, and the dates of the beginning and ending of the period during which such person was so employed. The auditor shall thereupon examine such statement, and if he finds the same correct, he shall audit and allow the verified demand of such person so employed and performing the service for the sum or sums so earned by him for such service, and the treasurer shall pay such demand so audited and allowed, without further approval, out of the 'Unapportioned Fee Fund.' ''

This chapter also provides for the audit and allowance of officers' fixed salaries, officers' mileage accounts, certain school demands and compensation of deputies, clerks, assistants or employees in any office or department, by the auditor, without any previous approval and declares (sec. 13) that ''all other demands payable out of any funds in the treasury'' must be approved by the board of supervisors.

It is clear from these provisions that section 12, above quoted, designates the auditor as the officer upon whom is devolved the duty of auditing demands for compensation for detective service rendered under employment of the district attorney, and that it is not necessary, in such a case, that such demand shall be presented to or approved by the board of supervisors. The express declaration of section 12 is that, if the auditor finds such demand correct, ''he shall audit and allow'' it, and that thereupon the treasurer shall pay it ''without further approval.'' The approval of the board is therefore dispensed with in the allowance of such claims.

The district attorney comes within the description given in section 12 of persons empowered to employ. He is, as we have seen, ''legally authorized to employ a person other than one of his deputies or assistants at a stated compensation''; for example, a detective for special temporary work And the plaintiff, as clearly, is embraced in the definition of the person who may be the employee. He was not one of the ''deputies or assistants at a stated compensation fixed by law,'' then serving in the district attorney's office.

It is claimed that the punctuation of the opening clause of this section should not be as it appears in the charter, that a comma should be put after the word ''person,'' and also after the word ''assistant,'' making it read thus: ''When an officer, legally authorized to employ a person, other than one of his

deputies or assistants, at a stated compensation fixed by law, has employed such person.'' So punctuated, the section would apply only to the employment by the district attorney of persons classed as employees and who were engaged in work or service of a kind for which the regular wages were stated and fixed by law, but who were not his deputies or assistants, and it would not apply to occasional or irregular employments· to perform services for which no compensation had been fixed by charter, law or ordinance, such as that in which the plaintiff engaged. Such distortion of the composition of a written law is sometimes indulged where the provision, as officially printed and punctuated, is ambiguous, absurd or inconsistent with the context. Here there is no inconsistency, absurdity or ambiguity. The section proceeds to provide that the verified ''statement'' to be made by the officer, as a basis for the allowance of the demand of the employee, must specify ''the case or instance in which such service was performed.'' This implies that a special employment of an irregular and casual character, not regulated, as to compensation, by any law, was contemplated by the section. It indicates that the punctuation of the passage in question, as officially printed, was used advisedly, for the very purpose of authorizing the employment of persons temporarily to ·do special or occasional work in particular cases and emergencies for which no other provision was made.· The proposed change would render the subsequent provisions useless. Furthermore, it would make the entire section redundant  The auditing of demands for all ordinary and regular employees is provided for by section 13 of this chapter, which, after declaring that salaries fixed by law, ordinance, or charter may be allowed by the auditor without previous approval, proceeds to say: ''Demands payable out of the treasury for salaries, wages or compensation of deputies, clerks, assistants, or employees, in any office or department, must, before they can be audited or paid, be first approved in writing by the officer, board, department or authority under whom, or in which, such demand originated.'' This, we think, refers to regular employees at fixed wages. Section 12 was obviously intended to cover occasional employments not included in section 13, and for which a standing provision was deemed unnecessary. The suggested change of

punctuation would make section 12 inconsistent with itself and, in effect, a repetition of parts of section 13.

It is not necessary to hold that the agreement of the district attorney as to the amount of the daily compensation was conclusive and binding upon the auditor or the city and county. It is not claimed that the agreed compensation was in excess of the reasonable value of the services performed, or of the usual and customary wages therefor. Whether the auditor had discretion to allow only such reasonable value, if the demand exceeds it, is a question not here presented.

Let a writ of mandate issue as prayed for.

Henshaw, J., Lorigan, J., and Melvin, J., concurred.

ANGELOTTI, J., dissenting—I dissent. I have no doubt that the district attorney of San Francisco had the power to employ plaintiff on behalf of the city and county of San Francisco, to do the work which he has done, and that his compensation is a legal charge against the city and county, and concur in what is said in the opinion on that point.

I cannot consent, however, to the construction given by the opinion to section 12 of chapter III of article III of the charter of the city and county of San Francisco, and am satisfied that the auditor could not legally approve plaintiff's claim until the same had been approved by the board of supervisors, the matter being governed by section 19 of chapter I of article II of the charter providing that ''except as provided in chapter III of article III of this charter, all demands payable out of the treasury must, before they can be approved by the auditor or paid by the treasurer, be first approved by the board of supervisors.'' The construction given to section 12 of chapter III of article III of the charter brings about either one or the other of two results, each of which is entirely different from anything we have heretofore seen in the matter of allowance and payment of claims against a county or municipality. One of these is that any officer legally authorized to employ a person to perform services for which there is no stated compensation fixed by law of any kind, may himself finally and conclusively fix the amount of compensation which the city and county of San Francisco is to pay for the service—in other words, with reference to this particular case,

the district attorney of the city and county of San Francisco may employ a detective upon any terms as to compensation that he may see fit, and the city and county must pay the amount fixed by that officer. I do not think that any officer of a county or municipality has ever heretofore been given by law any such power over the funds of the county or municipality, and it certainly would require plain and unambiguous language to indicate an intent to confer any such power. The other result is that the auditor has supervisory power in regard to the compensation fixed by the district attorney—the right to determine what is a fair and reasonable compensation for the services shown to be performed, and to reduce the amount allowed by the district attorney, if he concludes that too much has been allowed. The result would be that as to the kind of claims under consideration the auditor would be invested with the power of *allowance* of claims ordinarily exercised by boards of supervisors, a power which is entirely foreign to any proper conception of the duties of an "auditor," under our system of county and municipal government. The opinion does not decide whether the determination by the district attorney as to the amount of allowance is conclusive and binding upon the auditor. I think that it is clear enough that as to such claims as are referred to by the section under consideration, the auditor is without any discretionary power as to the amount. If he finds the "statement" of the employing officer "correct," "he shall audit and allow" the demand.

The conclusion reached by the opinion on this point, producing a result that to my mind could not have been contemplated by the framers of the charter, and that is so utterly inconsistent with the ordinary system, is really based on the fact that there is no comma after the words "deputies or assistants." If there were a comma in that place, there could be no question in the mind of any one as to the proper construction. The section would then read: "When an officer, legally authorized to employ a person other than one of his deputies or assistants, at a stated compensation fixed by law, has employed such person," etc. So written it would be perfectly plain and understandable, and in no way inconsistent with the general practice. The compensation of the person employed *being fixed by the law,* there would be no necessity

for any *fixing* of the same by the body ordinarily invested with the power of allowance of claims, and the certificate or statement of the officer "legally authorized" to employ the person would fully suffice as evidence of the facts as to service, etc. I have no hesitation in concluding that the section may fairly be so read even though the comma is not there, and that, in view of what has already been said, it should be so read.

Certainly a writ of mandate should not issue in this proceeding in view of the allegations of the answer, which are in no way disputed. It is alleged therein, in response to the alternative writ of mandate heretofore issued, that subsequent to the filing of the petition the claim of petitioner was allowed by the board of supervisors, and that thereupon respondent did approve such claim, thus doing everything asked by the petition.

Sloss, J., concurred.

Rehearing denied.

Beatty, C. J., dissented from the order denying a rehearing, and filed the following opinion on September 23, 1913:

BEATTY, C. J.—I dissent from the order denying a rehearing and from the judgment. I do not think that the district attorney of San Francisco, or any other of its executive officers, is legally authorized to employ any person other than his deputies or assistants unless the compensation of such persons has been fixed by law If an emergency arises which seems to demand the employment of persons whose compensation is not so fixed he is not the sole and exclusive judge of the necessity. That is to be determined by the board of supervisors, and their authority should be invoked; or if, in case of urgency, the executive officer has acted without waiting for previous authority, the regular mode of obtaining a ratification of his act would be, in the city and county of San Francisco, as in the state at large, to present the claim for compensation to the board of supervisors for allowance. (*County of Yolo* v. *Joyce,* 156 Cal. 429, [105 Pac. 125].) Sections 12 and 13 of article III of chapter III of the charter of San Francisco make no distinction between the district attorney and other executive officers of the municipality. If he has

such wide discretion in employing outside assistance for the detection and prosecution of criminals, that the auditor must draw his warrants for the resulting demands upon the treasury without question (and the award of mandate in this case implies that such is the duty plainly imposed upon him by law), then he must do the same thing in case of demands resulting from the employment of extra assistants by other executive officers, and if this is true, it is difficult to see how the board of supervisors can foresee the amount of such demands when framing the budget and levying the taxes to meet the annual expenses of the municipality. The placing or omission of commas in section 12 of the charter above cited appears to me a very slender support for a construction of its meaning which brings it in conflict with the fundamental conception of the proper function of the legislative departments of our local, as well as our state and county governments—i. e., the adjustment of revenues to expenses.