KYTKA v. WEBER COUNTY.

No. 2846.   Decided September 27, 1916.   (160 Pac. 111.)

1. DISTRICT AND PROSECUTING ATTORNEYS—REPRESENTATIVE OF
COUNTY — EXPENDITURES — EXPERT WITNESS — "COUNTY ATTOR-
NEY." Comp. Laws 1907, section 538, provides that county
charges shall include the necessary expenses of the county at-
torney incurred in criminal cases arising in the county and all
other expenses necessarily incurred by him in the prosecution
of criminal cases. Thereafter Comp. Laws 1907, sections
2445x7, 2445x8, created the office of district attorney and pro-
vided that all the duties as public prosecutor, devolving upon
county attorneys, should be discharged by the district attorney,
without changing the provision as to county charges. *Held,*
that the words "county attorney" mean public prosecutor, and
the district attorney, having become public prosecutor, was
authorized to incur necessary expenses in the prosecution of
criminal cases in the district court, and to make them county
charges. (Page 424.)

2. COUNTIES—CRIMINAL PROSECUTION — EXPENSES — ACTION — EVI-
DENCE. In an action against a county to recover for plaintiff's
services as a handwriting expert, rendered at the request of the
district attorney in a criminal case, evidence as to what the
chairman of the county board, outside of the board meetings
said to the district attorney or to the county attorney was inad-
missible as his extrajudicial statement, and was not binding
on the board or the county, and evidence as to what the county
attorney told the district attorney was also inadmissible; but
evidence that the board itself approved or ratified the plain-
tiff's employment was admissible. (Page 427.)

3. DISTRICT AND PROSECUTING ATTORNEYS—EXPENDITURES—RATIFI-CATION. Where a county board in the first instance could have authorized the employment of a handwriting expert in a criminal case, and could have agreed to pay him reasonable compensation, it might ratify, in whole or in part, an arrangement between the district attorney and the expert as to the expert's services and compensation. (Page 427.)

4. TRIAL—MOTION FOR DIRECTED VERDICT—GROUNDS. There was no error in overruling a motion for a directed verdict, where no ground whatever was stated to support it. (Page 428.)

5. DISTRICT AND PROSECUTING ATTORNEYS—EXPENDITURES—AUTHOR-ITY. While the district attorney is authorized under Comp. Laws 1907, sections 538, 2445x7, 2445x8, to incur necessary expenses in the prosecution of criminal cases and to make them county charges, he may not bind the county beyond what is reasonably necessary, or for service rendered beyond the reasonable value thereof. (Page 428.)

6. COUNTIES—EXPENDITURES—NECESSITY OF SERVICE—QUESTION FOR JURY. Whether a handwriting expert's services were necessary in a criminal case is a question of law and fact, the question whether services of a certain class or kind are required, and whether expenditures therefor are necessary, being for the court, and the question whether the particular services rendered were actually necessary, in view of all the circumstances of the case in which rendered, being a question of fact for the jury. (Page 428.)

7. COUNTIES—EXPENDITURES—ACTIONS—SUFFICIENCY OF EVIDENCE. In an action against a county to recover for services as a handwriting expert in a criminal case under arrangement with the district attorney, evidence *held* not so conclusive as to justify a directed verdict for the plaintiff. (Page 428.)

*Loofbourow*, District Judge, dissenting.

Appeal from District Court, Second District; *Hon. N. J. Harris*, Judge.

Action by Theodore Kytka against Weber County.

Judgment for defendant on a directed verdict.

Plaintiff appeals.

REVERSED and remanded for a new trial.

· *H. H. Henderson*, for appellant.

*Joseph E. Evans* and *John G. Willis*, for respondent.

STRAUP, C. J.

In the prosecution of a criminal case in the District Court, the district attorney procured the services of the plaintiff, an expert on handwriting, and called him as a witness. The plaintiff testified that it was agreed between him and the district attorney that he was to have twenty-five dollars a day for laboraory work, fifty dollars a day out of San Francisco, where he resided, and his expenses, which, in the aggregate, he testified, amounted to $2,500. An itemized and verified claim for this was presented to the county commissioners of the county wherein the crime was committed and the trial had. They rejected it for the stated reason that they were "not fully advised as to the legality of such claim by reason of the difference of opinion of attorneys as to the legality thereof." The plaintiff thereupon brought this action against the county. At the close of the evidence the court directed a verdict in favor of the defendant. The plaintiff appeals. He complains of that ruling, of the court's refusal to direct a verdict in his favor, and also of rulings refusing to admit various offers of proof.

. The district attorney testified that he sought and obtained the services of the plaintiff at San Francisco who informed him that his charges would be as testified to by the plaintiff. This was communicated to the county attorney, who approved it, and who told the district attorney that he had taken the matter up with the county commissioners. On objections, the plaintiff was not permitted to show what the county attorney in such respect told the district attorney. The district attorney also spoke to the chairman of the board of county commissioners, but on the objection of the defendant the plaintiff was not permitted to show that the chairman told him: "You know about those things; go ahead and do what you think is best." The plaintiff also offered to prove, but on the objection of the defendant was not permitted to do so, that after the services were rendered and the claim presented, the district

attorney "had a talk with `the county commissioners in their board, and that they acknowledged that they had authorized the county attorney to hire this expert, and that the bill was all right, as far as they knew, and that the only question in their mind was whether they had authority to pay it."

The county attorney in part corroborated the testimony of the district attorney and in part disputed it. He testified that he "took the matter up with the county commissioners, but was taken under advisement by them, and as far as he knew they still had it under advisement." The chairman of the board testified that the matter was taken up with the board by the county attorney and taken under advisement; and that the next he knew, the expert had been sent for and had come on, and that then the county attorney advised him that "there was no need of our taking further action."

The grounds for a direction of the verdict are that the complaint does not state a cause of action and insufficiency of evidence to show that a contract was made between the plaintiff and the county commissioners, or between the plaintiff and the county attorney. That the complaint states a cause of action is not open to argument.

We need say no more about that. Nor is that what divides the parties.

It is chiefly contended by the respondent that the district attorney was not authorized to incur any expense in the prosecution of criminal cases and make them county charges, and hence was not authorized to employ the plaintiff and make his compensation county charges; that while the county attorney, in the prosecution of criminal cases, could incur necessary expenses and make them county charges, he, nevertheless, could not authorize the district attorney to do so; and that while the county commissioners could authorize necessary expenses to be incurred in the prosecution of criminal cases, yet the evidence fails to show that they had authorized the employment of the plaintiff or had agreed to pay him anything. We have a statute (C. L. 1907, Section 538) which defines "county charges" and which, so far as material, reads:

"The following are county charges:

"* * * (2) The necessary expenses of the county attorney, incurred in criminal cases arising in the county, and all other expenses necessarily incurred by him in the prosecution of criminal cases. * * *"

When that statute was passed duties were imposed on the county attorney to prosecute all criminal cases, both felonies and misdemeanors, in the district and justice courts. There then was no office known as district attorney. Later the office of district attorney was created, as many districts in the state as there are judicial districts, each comprising several counties.. The statute creating that office also prescribed the duties of the district attorney. C. L. 1907, Section 2445x7, is:

"It shall be the duty of the district attorney to appear and prosecute for the state in the District Court of his district, and in all criminal prosecutions, and in all civil cases in which the state may be interested. * * * He shall draw all indictments and informations for offenses against the laws of this state within his district, and shall cause all persons indicted or informed against to be speedily arraigned; he shall cause all witnesses for the state to be subpoenaed to appear before the court or grand jury," etc.

The next section provides that:

"And district attorney may, whenever he deems it necessary, appear and prosecute before any justice of the peace within his district in the preliminary examination of any person charged with a felony. All the duties as public prosecutor now devolving upon county attorneys shall be assumed and discharged by the district attorney, except in cases of prosecutions for misdemeanors and preliminary examinations before justices of the peace."

It is thus seen that all duties pertaining to the county attorney in the prosecution of criminal cases in the District Court were taken from him and imposed on the district attorney. The statute, however, defining county charges heretofore referred to was not changed. Because of that the respondent contends that no power was conferred on the district attorney to incur any expense in the prosecution of criminal cases and make it a county charge. We think that is a too narrow construction. It certainly is not within the spirit of the statute.

The dominant factor of the statute in this respect is to make
all necessary expenses of the public prosecutor, in the prose-
cution of criminal cases arising in the county, charges against
the county. When there was no district attorney, and when
the duties pertaining to the prosecution, both in the inferior
and District. Courts, were imposed on the county attorney,
such dominant factor was well expressed by the language ''the
necessary expenses of the county attorney in criminal cases
arising in the county,'' etc., for he then was the sole public
prosecutor. We think the words ''county attorney'' as there
used but mean ''public prosecutor.'' That is emphasized by
the language of the statute taking duties from the county at-
torney and imposing them on the district attorney—''all the
duties as public prosecutor now devolving upon the county
attorney shall be assumed and discharged by the district at-
torney, except,'' etc. It is hard to believe the Legislature in-
tended that the necessary expenses incurred by the county
attorney as a public prosecutor in the prosecution of criminal
cases before justices of the peace were to be charged against
the county, but that the necessary expenses incurred by the
district attorney as a ''public prosecutor,'' in the prosecution
of cases in the District Court, were not, and that the one was
authorized to incur such expense, but that the other was not.
We think the Legislature intended that all necessary expenses
incurred by the public prosecutor, whether he be county at-
torney or district attorney, in the prosecution of criminal
cases arising in the county, should be charges against the
county. To stick to the very letter of the statute and hold
otherwise leads to this: The county attorney could not him-
self incur expenses for the prosecution of criminal cases in
the District Court, for he no longer has any duties to perform
with respect to such prosecutions, not being ''expenses neces-
sarily incurred by him in the prosecution of criminal cases,''
nor could he authorize the district attorney to incur any such
expenses, for he is clothed with no such power. So, before the
'district attorney could incur any expense, however small or
necessary, in such prosecutions, he would be required to first
take the matter up with the county commissioners for their
approval and direction, a most cumbersome practice, fraught

with delays and inconvenience.  We do not think the Legislature intended that.  We are of the opinion that the district attorney was himself authorized to incur necessary expenses in the prosecution of criminal cases in the District Court and to make them county charges; and that therefore the court erred in directing a verdict against the plaintiff.  *People ex rel. Gardiner* v. *Board of Supervisors,* 134 N. Y. 1, 31 N. E. 322; *Rocca* v. *Boyle,* 166 Cal. 94, 135 Pac. 35, Ann. Cas. 1915B, 857.  Because of somewhat dissimilar statutes these cases are not greatly in point as case law; still, in principle, support the conclusion just reached.

Now, as to other rulings.  The plaintiff was not entitled to show what the chairman of the board, outside of board meetings, and when not in performance of official duties, said to the district attorney, or to the county attorney.  His extrajudicial statement in no sense was binding on the board or the county.  All offers of testimony of that character were properly excluded.  But the plaintiff also offered evidence tending to show that the board itself approved, or ratified, plaintiff's employment.  Though it should be conceded that the district attorney was not authorized to incur the expenses in question, yet we do not see why the board could not ratify all the district attorney did in such respect.  If the board, in the first instance, could have authorized the employment of the plaintiff and could have agreed to pay him reasonable compensation, we do not see why it could not thereafter ratify such employment, and, in whole or in part, the arrangement made by the plaintiff and the district attorney as to plaintiff's services and compensation.  To that extent the plaintiff was entitled to support his offer by proof.  Of course, as is already apparent, he could not show that by the mere extrajudicial statements or admissions by one or more members of the board, as was attempted by some of plaintiff's offers; and while it would have been competent to show what directions, if any, the board itself gave the county attorney, or another, with respect to the employment of the plaintiff, it was not competent to show that by mere extrajudicial statements of one or more members of the board, nor by mere hear-

say evidence what the county attorney told the district attorney.

Lastly, it is contended by the plaintiff that his motion for a directed verdict in his favor ought to have been granted. No error was made in overruling the motion, **4** for: (1) No ground whatever was stated to support it; and (2) on the record the motion was properly overruled.

While we have just held that the district attorney is authorized to incur necessary expenses in the prosecution of criminal cases and make them county charges, **5, 6, 7** yet he may not bind or charge the county beyond what is reasonably necessary, and certainly may not bind it for services rendered beyond the reasonable value thereof. It was sufficiently alleged that the services were necessary, and that the amount demanded was reasonable. But such allegations were denied. Whether plaintiff's services were necessary was a mixed question of law and fact, a question for the court whether services of a certain class or kind are needful and required, and whether expenditures for them are necessary, and for the jury whether the particular services rendered were actually necessary in view of all the conditions and circumstances of the case in which rendered. The question of reasonable value was entirely one of fact. While considerable evidence was given tending to show that the services were necessary, yet, even as to that point the evidence was not so conclusive as to justify the court to direct a finding in plaintiff's favor. We have not been pointed to any evidence to show the reasonableness of plaintiff's charges or expenses. Nor have we been able to find any. Certain it is, if there is any, our attention has not been called to it. The plaintiff seems to have contented himself with his agreement of twenty-five dollars a day for laboratory work, fifty dollars a day out of San Francisco and all expenses, traveling on de luxe trains, and eating $1.50 breakfasts at the Falstaff at Ogden. In the absence of evidence to show that such charges and expenses were reasonable, it is indeed doubtful whether the plaintiff was entitled to go to the jury for anything more than a nominal sum; but certainly he was not entitled to a directed verdict for the sum demanded, $2,500 and interest. There being

no such evidence, had the defendant on that ground asked that a verdict be directed in favor of the plaintiff for only a nominal sum, and, on his failure to supply such proof, had such motion been granted, the plaintiff would have little, if any, cause to complain. But as no such motion was made and no such action invoked, let that be as it may; for, on the record it is very clear that the plaintiff was not entitled to a directed verdict in the sum demanded by him. For the reasons heretofore given, let the judgment be reversed, and the case remanded for a new trial. Costs to the appellant. Such is the order.

FRICK, J. (concurring).

At the time the case was argued I was of the opinion that the statute did not confer authority upon the district attorney to bind the county for the costs or expenses incident to criminal prosecutions to any extent. After more mature reflection, however, and with some reluctance, I have been forced to the conclusion that the construction given the statute in question by the CHIEF JUSTICE is the correct one. I, therefore, concur with him in the reversal of the judgment for the reasons stated in his opinion.

LOOFBOUROW, District Judge, dissents.