[Civil No. 1637.   Filed March 31, 1919.]

[179 Pac. 650.]

## PINAL COUNTY, Appellant, v. T. A. NICHOLAS, Appellee.

1. PROSECUTING ATTORNEYS—"COUNTY CHARGES"—SERVICES OF EXPERT WITNESSES.—In view of Civil Code of Arizona of 1913, paragraph 2528, subdivision 1, as to duties of county attorney, and paragraph 2391, subdivision 2, as to necessary expenses incurred by county attorney in criminal cases being one of the "county charges," *held* county is liable for services of expert witness employed by county attorney in a criminal case.

2. PROSECUTING ATTORNEYS — AUTHORITY — EMPLOYMENT OF EXPERT WITNESS.—While county attorney is vested by statute with power to

obligate county to pay for services of expert witness, he may not bind county for expert services beyond reasonable value thereof.

3. COUNTIES — CLAIMS AGAINST COUNTY — PRESENTATION AND ALLOW-ANCE BY COUNTY BOARD.—Claim for services of expert witness employed by county attorney must, under Civil Code of Arizona of 1913, paragraph 2418, subdivision 12, be presented to board of supervisors, which may review action of county attorney to extent of determining whether expenses were necessary, and whether charges are unreasonable.

4. EVIDENCE—PRESUMPTION—PERFORMANCE OF OFFICIAL DUTIES.—It is not to be presumed that the county attorney will incur any unnecessary expense, or that he will act recklessly or with indifference to the financial interests of the county; the presumption being to the contrary.

[As to allowance of claim in general, see note in 55 Am. St. Rep. 203.]

APPEAL from a judgment of the Superior Court of the county of Pinal. A. C. Lockwood, Judge. Affirmed.

STATEMENT OF FACTS BY THE COURT.

One Conmy was charged with the crime of forgery in the superior court of Pinal county and put on his trial. The county attorney employed Milton Carlson, a prominent expert on handwriting, to make certain microscopical examinations, measurements and comparisons of the signature alleged to have been forged, and to testify in the case as an expert on behalf of the prosecution. After he had performed the services required of him under the employment, Carlson made out two itemized and verified claims against the county for his services, which claims embraced certain expenses he had been put to, and which aggregated in all the sum of $1,084.90. Carlson assigned the claims to the plaintiff, Nicholas. Nicholas presented the claims to the board of supervisors of the county for allowance, and the board rejected them, except as to the sum of $70.30 on one and the sum of $164.60 on the other, allowed as actual expenses of Carlson in attending the trial. Plaintiff refused to accept these partial allowances in satisfaction of the claims, and brought this action against the county to recover the full amount. He prevailed in the suit, and recovered judgment in the sum of $1,084.90, and thereafter the county brought this appeal.

Mr. Wiley E. Jones, Attorney General, and Mr. E. P. Patterson and Mr. E. L. Green, for Appellant.

Mr. Benton Dick and Mr. W. L. Barnum, for Appellee.

BAKER, J. (After Stating the Facts as Above).—The sole question for determination in this suit is this: Is a county liable for the services of an expert witness employed by the county attorney in a criminal case? The parties to the action divide only upon this one point. It must be conceded that, unless the county attorney was authorized by some express law to engage the services of Carlson in his expert capacity and thereby make his compensation a county charge, the contention of the defendant must prevail. 7 R. C. L., § 26; 15 C. J. 562.

"One who demands the payment of a claim against a county must show some statute authorizing it, . . . express or implied, from which it arises, which itself finds authority of law." *Santa Cruz County* v. *Barnes,* 9 Ariz. 42, 76 Pac. 621.

It must also be conceded that the county attorney is the public prosecutor, and it is his duty, among others, to attend all superior and other courts in the county, and conduct on behalf of the state, all prosecutions for public offenses. Rev. Stats. Ariz. 1913 (Civ. Code), par. 2528, subd. 1. It may therefore be assumed that it was the official duty of the county attorney to prosecute Conmy.

The statute of this state defining "county charges" (Rev. Stats. Ariz. 1913 [Civ. Code] par. 2391, subd. 2), so far as the same is material to this controversy, provides as follows:

"The following are county charges: . . . (2) The compensation of the county attorney, his deputy, and stenographer, and all expenses necessarily incurred by him in criminal cases arising within the county. . . . "

The obvious purpose of the legislature in adopting this provision was to invest the county attorneys in the several counties of the state with certain discretionary powers, by the reasonable and proper exercise of which they might obtain the necessary evidence with which to secure the arrest and conviction of parties charged with a violation of the law. We think this is plain from the most casual reading of the statute; and that such a proviso is both wise and just will be,

as we think, conceded by anyone at all conversant with the difficulties which surround the administration of criminal justice. Exigencies frequently arise when the county attorney is called upon to act promptly and decisively, and to take such steps as require the expenditure of money in order to successfully conduct the prosecution of the criminal, and it is reasonable to conclude that the statute does not contemplate that he shall wait until the board of supervisors can be convened and provide the necessary funds, or express their approval of the expenditure. Such a requirement would result in great delays and inconveniences, and would often defeat the ends of justice. Evidently the statute contemplates that the county attorney may, in the first instance, exercise his own judgment about incurring expenses, upon the assumption that whatever expenses he does incur will be both necessary and reasonable.

Other courts have put the same construction upon similar statutes. The Utah statute (C. L. 1907, § 538) defining "county charges" reads as follows:

"The following are county charges: . . . (2) The necessary expenses of the county attorney, incurred in criminal cases arising in the county, and all other expenses necessarily incurred by him in the prosecution of criminal cases. . . . "

In a certain criminal case the prosecuting officer procured the services of an expert on handwriting and called him as a witness. The county commissioners refused to allow the claim of the expert, and he brought an action against the county to recover. The court, in upholding the claim, said:

"We think the Legislature intended that all necessary expenses incurred by the public prosecutor, whether he be county attorney or district attorney, in the prosecution of criminal cases arising in the county, should be charges against the county. . . . We are of the opinion that the district attorney was himself authorized to incur necessary expenses in the prosecution of criminal cases in the district court and to make them county charges." *Kytka* v. *Weber County,* 48 Utah, 421, 160 Pac. 111.

In the case of *Thiel Detective Co.* v. *Tuolumne County* (Cal. App.), 173 Pac. 1120, the district court of appeal said:

"There is no question of the authority of the district attorney to incur an expense of this character. Subdivision 2

of section 4307 of the Political Code provides that 'the travel-
ing and personal expenses of the district attorney, incurred
in criminal cases arising in the county . . . and all other
expenses necessarily incurred by him in the detection of crime
and prosecution of criminal cases' are county charges.    That
this includes the services of detectives in proper cases is not
disputed.    He may employ them at the expense of the county,
when necessary for the detection of persons guilty of crimes,
or to obtain evidence of their guilt''—citing *Rocca* v. *Boyle,*
166 Cal. 94, Ann. Cas. 1915B, 857, 135 Pac. 34.

To the same effect are the cases: *Victors* v. *Kelsey,* 31
Cal. App. 796, 161 Pac. 1006; *Langdon* v. *Koster,* 157 Cal. 40,
106 Pac. 209, and *Humiston* v. *Shaffer,* 145 Cal. 197, 78 Pac.
651.    We can conceive of no valid reason why the employ-
ment of an expert on handwriting should be distinguished
from the employment of a detective.

Among certain items which are defined by the statute of
New York to be a "county charge" are "all expenses neces-
sarily incurred by the district attorney in criminal actions
or proceedings arising in the county."    Laws 1892, c. 686,
§ 230, subd. 2.    Judge BRADLEY, in speaking of the powers
of the district attorney under this provision, said:

"The power is well recognized, of district attorneys, to
incur the expense of special compensation necessary to employ
the service of experts to prepare themselves by investiga-
tion, in cases requiring it, to testify as witnesses upon the
trials of persons charged with crime."    *People ex rel. Garde-
nier* v. *Board of Supervisors of Columbia County,* 134 N. Y.
8, 31 N. E. 322, 325.

It was held in *People* v. *Board of Supervisors of Cort-
land County* (Sup.), 15 N. Y. Supp. 748, that the district
attorney has power to hire a physician to attend the trial as
consulting expert and as a witness, and where a board of
supervisors refuses to audit such claims, they may be com-
pelled by *mandamus* to do so.

In *People* v. *Haws,* 12 Abb. Pr. (N. Y.) 199, the court said:

"The district attorney is a county officer, and in the per-
formance of his general duties acts as a county officer, and
. . . the Revised Statutes . . . provide that the moneys
necessarily expended by any county officer, in executing the
duties of his office, and the contingent expenses necessarily

incurred for the benefit of a county shall be deemed county charges.''

Other New York cases to the same effect are *People ex rel. Tripp* v. *Supervisors of Cayuga County*, 22 Misc. Rep. 616, 50 N. Y. Supp. 16, *People ex rel. Hamilton* v. *Supervisors of Jefferson County*, 54 N. Y. Supp. 782, 35 App. Div. 239, and *People* v. *Montgomery*, 13 Abb. Pr. (N. S.) 207.

Whilst, as we have already said, the county attorney is vested by the statute with the power to obligate the county to pay for the services of an expert witness, when he deems it necessary to employ one in a criminal case, yet he may not bind or charge the county beyond what is reasonably necessary, and certainly he may not bind the county for expert services beyond the reasonable value thereof. In the exercise of the power he may not act arbitrarily and capriciously.

The claim of the expert, like other county charges, must be presented to the board of supervisors, whose duty it is ''to examine, settle and allow all accounts legally chargeable against the county,'' etc. Subdivision 12, par. 2418, Rev. Stats. Ariz. 1913 (Civ. Code). This body may review the action of the county attorney to the extent of determining whether the expenses were necessary or not, and whether the charge for the services is exorbitant or unreasonable.

In *Yolo County* v. *Joyce et al.*, 156 Cal. 429, 105 Pac. 125, 126, the court said:

''The district attorney is an executive officer charged with the detection of crime and the prosecution of criminal cases. In furtherance of the proper discharge of his duties, the Legislature has, under the section of the county government act, enlarged his power so as to permit him to incur expense necessary to enforce the criminal law. His authority to do so for that purpose is not made subject to the control or supervision of any court or judicial officer, but is a matter for the consideration of the board of supervisors alone to the extent of determining whether the expense was necessarily incurred so as to constitute a county charge. Of course, the right of a district attorney to incur expense is not an arbitrary one. All that the section of the county government act permits is to give to the district attorney in the first instance, the discretion to determine whether it is necessary in the detection of crime, or the prosecution of a criminal case, to incur an expense chargeable against the county. Any such claim, however, must

be presented to the board of supervisors for allowance, and that body reviews the action of the district attorney to determine whether the expense was a necessary one and acts accordingly."

Much has been said in argument to the effect that "to permit the county attorney to make contracts of this kind would open the way for inroads upon the county treasuries which could not prove otherwise than wasteful and vicious." But it is not to be assumed that the county attorney will incur any unnecessary expense, or that he will act recklessly or with indifference to the financial interests of the county. It is to be presumed that he, like all other public officers, will properly and conscientiously discharge his official duties, and, as the board of supervisors is charged with the duty of supervising all expenditures incurred by him, and rejecting payment of those which are illegal or unwarranted, it seems that there is but little danger that the county treasuries will be raided or looted.

Counsel for the defendant relies upon the case of *Yavapai County* v. *O'Neill*, 3 Ariz. 364, 29 Pac. 433; but we do not think the case is authority as applied to the facts of the present case. The court was not considering the statute under discussion here, and the facts are wholly dissimilar.

The defendant makes no claim that the services of the expert were not rendered, or that such services were not necessary; nor is it claimed that the price charged is exorbitant or unreasonable. The only claim made is that the county attorney possessed no authority to employ the expert and bind the county to pay for the services rendered. We must overrule this contention.

It follows from what we have said that the judgment must be affirmed, and it is so ordered.

CUNNINGHAM, C. J., and ROSS, J., concur.