## IN RE CLAIMS OF HYDE.

(No. 5,680.)

(Submitted April 23, 1925.   Decided May 9, 1925.)

[236 Pac. 248.]

*Counties — Claims Against — County Attorneys — Services of Stenographer Employed by Day — Expense Chargeable to County.*

Counties of Third Class—County Attorney—Services of Stenographer—Expense Chargeable to County.
1.   A county attorney of a county of the third class had power to bind the county for services of a stenographer employed by the day if such services were necessary to the proper discharge of the duties of his office; and in the absence of a showing that they were unnecessary, the district court properly directed the board of county commissioners to pay the claim, under section 4952, Revised Codes of 1921, providing that contingent expenses necessarily incurred for the use and benefit of the county are county charges.

Counties—What not Chargeable to, as Expense.
2.   That which the law does not impose as an expense upon a county is not properly chargeable to it.

Counties, 15 C. J., sec. 161, p. 496, n. 11; sec. 169, p. 504, n. 61; sec. 174, p. 508, n. 25.

*Appeal from District Court, Mineral County, in the Fourth Judicial District; Joseph C. Smith, a Judge for the Fifth District, presiding.*

IN THE MATTER OF CLAIMS by B. M. Hyde against Mineral County. From the action of the board of county commissioners in allowing certain claims and disallowing others, claimant appealed to the district court, which entered judgment in favor of the claimant, from which the county appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. Harry H. Parsons,* for Appellant Board of County Commissioners.

*Messrs. Murphy & Whitlock,* for Respondent B. M. Hyde.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The record herein discloses that on June 6, 1923, the board of county commissioners of Mineral county passed a resolution "that the stenographer expense of the county attorney will not be allowed  * * *  after this date, unless compelled by law to do so." Thereafter the county attorney continued to employ a stenographer by the day. The claims filed by the stenographer show services performed in connection with criminal cases investigated and filed, the taking and transcribing of testimony in the district and justice courts and, on certain days, in keeping the county attorney's office open in his absence, but show that, generally, on such days she was working on criminal cases. The board allowed certain items in the claims and disallowed others. The claimant refused to accept the amounts allowed, and appealed to the district court from the orders of the board. On the hearing on appeal the

claimant was the only witness, and her examination had extended only to the manner of her employment, the nature of certain services rendered, and the presentation of her claims, when counsel evidently got together on an agreement to simplify the issues, and entered into the following stipula-
[1] tion: "It is stipulated by and between the parties hereto, acting through their counsel in open court, that the question and the only question involved in this appeal is as to the authority of the county attorney to employ appellant, and also as to the legality of the employment in view of what is alleged to be a direct withholding of authority in that regard, by the county commissioners, under their resolution of June 6, 1923." The matter was then submitted to the district court, on briefs, on this one question of authority. The court found in favor of the claimant, and the county appealed.

Adhering to their theory of the case in the district court, counsel have agreed that the question submitted to the trial court is the only question before us for determination. If this question is answered in the affirmative, it must be because of some statutory provision clothing the county attorney with such authority, either directly or by necessary implication, for while it is true that, in incurring expenses as a county charge in connection with his duties, the county attorney acts as the agent of the county (*Independent Pub. Co.* v. *Lewis & Clarke County,* 30 Mont. 83, 75 Pac. 860), an agent has no greater power than has his principal, and the county itself is but the agent of the state and possesses only such powers as are provided by law or are necessarily implied from those expressly given (*Independent Pub. Co.* v. *Lewis & Clarke County, supra; Hersey* v. *Neilson,* 47 Mont. 133, Ann. Cas. 1914C, 963, 131 Pac. 30; *Sullivan* v. *Big Horn County,* 66 Mont. 45, 212 Pac.
[2] 1105; 7 R. C. L. 950, sec. 26), and "what is not by law imposed as expenses upon the county, is not chargeable to it." (*Wade* v. *Lewis & Clarke County,* 24 Mont. 335, 61 Pac. 879;

*Sears* v. *Gallatin County,* 20 Mont. 462, 40 L. R. A. 405, 52 Pac. 204; *State* v. *Crouch,* 70 Mont. 551, 227 Pac. 818.)

The only direct authority given by statute to the county attorney to employ a stenographer is found in section 11783, Revised Codes of 1921, requiring the testimony of witnesses in homicide cases to be reduced to writing by a stenographer appointed by the county attorney, which authority is clearly restricted to the subject matter of the section.

Section 4952 provides, however, that: "The following are county charges: 1. Charges incurred against the county by virtue of any provision of this title. 2. One-half the salary of the county attorney and all expenses necessarily incurred by him in criminal cases arising within the county. * * * 8. The contingent expenses necessarily incurred for the use and benefit of the county." If the above section authorizes the county attorney to incur expenses which become a county charge, of the nature referred to, his right is not affected by the provisions of the Code regarding deputies (secs. 420 and 4731), for a stenographer is in no sense a deputy.

If the claims presented are for "expenses necessarily incurred * * * in criminal cases," or "contingent expenses necessarily incurred for the use and benefit of the county," it is immaterial what action had theretofore been taken by the board. The resolution of the board assumes to declare that it will not, in the future, allow any expense for a stenographer for the county attorney, and would include charges incurred by virtue of section 11783 quoted. But the motive or good faith of the board in passing the resolution, or in acting upon the claims presented, is not questioned. The members found themselves in a difficult position; opposed by their legal adviser (sec. 4820, Rev. Codes 1921), and faced by an adverse opinion of a former attorney general (Official Opinions, 1908–1910, p. 65), they were forced to act on their own best judgment and the advice of private counsel. As was said in *Poe* v. *Sheridan County,* 52 Mont. 279, 157 Pac. 185:

[73 Mont. 363.]

"Officers, conscientiously seeking to discharge their duties, not infrequently find themselves perplexed and compelled to choose; they seek and act upon the advice of competent or legally designated counsel; but if, notwithstanding all this, their course is a mistake, such mistake is not to go uncorrected merely because there was no fault."

Questions such as this do not often come before the courts, as such matters are generally settled amicably between the county officers,ˢ all of whom are presumed to, and usually do, act in the best interests of the county; there is, therefore, a dearth of authority to guide the officers or the profession. However, the following cases throw some light upon the subject, as they were decided under statutes similar to ours: Thus, in New York, it was held that "the district attorney is a county officer, and in the performance of his general duties acts as a county officer, and that the Revised Statutes   *   *   * provide that the moneys necessarily expended by any county officer, in executing the duties of his office, and the contingent expenses necessarily incurred for the benefit of a county, shall be deemed county charges," and therefore the employment of an expert by the county attorney created a proper charge against the county. (*People* v. *Haws,* 12 Abb. Pr. (N. Y.) 199.) To the same effect are *Kytka* v. *Weber County,* 48 Utah, 421, 160 Pac. 111; *Pinal County* v. *Nicholas,* 20 Ariz. 243, 179 Pac. 650.

It has also been held by the New York courts that the employment of an expert to assist in the preparation for a trial, and the employment of a physician to advise the district attorney during a trial, come within the provisions of the statute quoted in the *Haws Case.* (*People* v. *Board,* 134 N. Y. 8, 31 N. E. 322; *People* v. *Board* (Sup.), 15 N. Y. Supp. 748ᵣ) Again in the same state and under the same statute, it was held that the employment of an engineer to investigate charges of fraud and check up the work of a state road contractor, at the instance of the district attorney, created a

proper charge against the county, even though, on *habeas corpus* proceedings after indictment, the contractor was discharged, and the district attorney reprimanded for instituting the prosecution. (*People* v. *Herkimer County,* 148 App. Div. 392, 132 N. Y. Supp. 808.)

In California it is held that the claim of a special agent employed by the district attorney to detect crime is a proper charge against the county, under a statute similar to ours. (*Langdon* v. *Koster,* 157 Cal. 39, 106 Pac. 209; *Rocca* v. *Boyle,* 166 Cal. 94, Ann. Cas. 1915B, 857, 135 Pac. 34.) The supreme court of California has also held that the claim for reporting and transcribing the testimony in a criminal case; at the request of the district attorney and without appointment or authority from the court, is a legal charge against the county under such a statute. (*Yolo County* v. *Joyce,* 156 Cal. 429, 105 Pac. 125.)

Under the authorities, and in reason, we are of the opinion that the county attorney has the power and authority to bind the county for services of a stenographer if such services were necessary to the proper discharge of his duties as such officer, and that is all we are here called upon to decide.

Had the board disallowed the rejected item upon the ground that the services were not necessary, and introduced evidence to that effect, a question of fact would be presented, and the result might be otherwise. Section 4465, Revised Codes of 1921, as amended by Chapter 95, Laws of 1923, provides that: "The board of county commissioners has jurisdiction and power. * * * 1. To supervise the official conduct of all county officers * * * charged with assessing, collecting, safe keeping, management, or disbursement of the public revenues. * * * 12. * * * To examine, settle, and allow all accounts legally chargeable against the county."

The right to recover from the county depends, not only upon the authority of the county attorney to incur the liability against the county, but also upon the necessity for incurring

the expense, whether in connection with criminal cases or "contingent expenses necessarily incurred for the use and benefit of the county." The necessity is, primarily, to be determined by the county attorney, but his determination is subject to review by the board when it takes up the claim for allowance or disallowance, under the authority vested in it by section 4465.

Looking over the claims presented to and disallowed by the board, we find many charges for services in keeping the county attorney's office open in his absence, and for drawing informations, instructions and other papers in criminal cases, and for writing letters with reference to county matters. Section 4736, Revised Codes of 1921, provides that the county attorney shall keep his office open continuously from 9 A. M. to 5 P. M., but makes no provision as to how this shall be done in counties where no deputy is provided. The difficulty with which the county attorney is confronted in this connection, however, is common to all county officials having no deputy. This question is eliminated by the claimant by rendering accounts for other services performed in connection with criminal cases on most occasions on which she kept the office open, and, perhaps, as to all such occasions, by her oral testimony.

Again, no showing is made as to the volume of business transacted for the county of Mineral by its county attorney, which, if sufficient, might tend to demonstrate the necessity of employing a stenographer to draw the papers mentioned and attend to his correspondence. It is common knowledge that, throughout the state, the county attorneys in small counties attend to this work themselves, and the authority of a county attorney to employ a stenographer for that purpose, in the absence of direct legislative authority, is seriously questioned. On their examination of the claims presented, the board might well have inquired into the necessity for such services and, in the district court, have questioned that necessity; but this was

not done, and, as the matter is presented to us, we are not called upon to determine the question.

The county attorney is presumed to have regularly performed his duty (sec. 10606, Rev. Codes 1921), and in the absence of any showing to the contrary we cannot presume that he has incurred unnecessary expense. As stated in *Pinal County* v. *Nicholas, supra:* "It is not to be assumed that the county attorney will incur unnecessary expense, or that he will act recklessly or with indifference to the financial interests of the county. It is to be presumed that he, like all other public officers, will properly and conscientiously discharge his official duties, and, as the board * * * is charged with the duty of supervising all expenditures incurred by him, and rejecting payment of those which are illegal or unwarranted, it seems that there is but little danger that the county treasuries will be raided or looted."

From what has been heretofore said, it follows that the judgment must be affirmed, and it is so ordered.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.